HENRY D. MOORE ET AL., PLAINTIFFS IN ERROR, v. THE WEST JERSEY TRACTION COMPANY ET AL., DEFENDANTS IN ERROR.*

MAGIE, CHIEF JUSTICE (dissenting). The power which the legislature possesses to permit the use of a public highway by a street railway, and to confer upon a corporation a franchise to construct and operate such a railway thereon, may doubtless be exercised upon such conditions and with such limitations as it deems the public good requires.

The legislature may grant such a franchise, to be exercised only upon the consent of the municipality within which the highway is situated, and may empower such municipality to grant such consent upon such conditions and with such limitations as it deems the public good requires.

---

*This opinion should have followed the opinion of Justice Garrison, *ante* p. 391.

By the Street Railway act of March 14th, 1893 (*Gen. Stat.,* *p.* 3235), the legislature authorized the incorporation of companies to construct and operate street railways. By the proviso to section 1 no new line of railway could be constructed without the consent of the governing body of the municipality within which it was proposed to be constructed. The mode of giving consent is not defined. By section 7 it is provided that upon the petition of the corporation for a location of the tracks of its railway, the governing body of such municipality may grant or may refuse such location. Authority to act upon such a petition is expressly conditioned upon a specified public notice in such municipality of the time and place when the application will be considered. The action of the governing body is expressly required to be taken "after hearing," and, if the location is granted, it may be under such lawful restrictions as it deems the interest of the public may require.

By another act respecting street railways, approved May 16th, 1894 (*Gen. Stat., p.* 3247), the construction of a street railway in a highway is prohibited except by the consent of the governing body of the municipality in which the highway is, which consent can only be granted upon petition of the corporation proposing to construct the railway, after a specified notice of the meeting at which the application is to be considered. The governing body on the day fixed by the notice, or a subsequent day to which the "hearing" has been adjourned, is expressly empowered to grant or to refuse the permission to construct.

The action of the governing body of any municipality under either of these acts is obviously of a *quasi*-judicial character and cannot be lawfully taken except upon the notice and after a hearing. *Camden Horse Railroad Co.* v. *West Jersey Traction Co.,* 29 *Vroom* 102. The notice required under each act is not limited to the owners of lands abutting on the highways in which it is proposed to construct the railway. It is a general notice of the matter proposed to be done, and it does not admit of a doubt that a legislative intent

is indicated to afford a public hearing at which any person could be heard as to the propriety of granting or refusing the applications.

By the .provisions of section 7 of the act first referred to, the restrictions which the municipality is expressly authorized to impose on its grant probably relate to the location of the tracks to which such grant relates.

But the authority given by the provisions of the act of 1894 last cited, to grant or refuse permission to the construction, maintenance and operation of such railways in public highways, although not expressly declared to empower the governing body of the municipality to impose conditions and restrictions upon its grant, in my judgment includes by implication such power.

The conferring of power to consent or to refuse upon the representatives of the public in the locality affected by the proposed work, clearly indicates a legislative intent to invoke their judgment upon the question of the public interest. Conditions germane to the grant and looking to the public interest, seem to me to be within the legislative purpose and so included in the power conferred. But without reference to any implied power to restrict, I think it clear that the grant of consent may be for a fixed period, and there may be a refusel of consent for the following years.

The question before us arises thus : Upon a proper petition, a governing body of a municipality consented, after due notice and hearing, to the location of tracks and the construction and operation of a street railway by the defendant company for the limited period of twenty-five years from the acceptance of the ordinance by the company. Afterward without any notice or public hearing, the same body amended the ordinance so as to make the grant unlimited in time. It is this last action of the municipality which is brought up by this *certiorari*. In my judgment the amending ordinance cannot be sustained. The grant of consent for a limited term which could only be given upon public notice and hearing, and which included a refusal of consent for the time beyond the

limit, cannot be extended to an unlimited time without a further notice and a hearing at which the public may express their views and opinions as to the public interests affected.

This conclusion compels me to vote to reverse the judgment of the Supreme Court.