## JOSLIN v. SONES.

**Easement:** CONVEYANCE OF RIGHT TO WATER AND WATER-WAY: CONSTRUCTION : INTERFERENCE. Defendant's grantor conveyed to plaintiff the right to perpetually receive the water from a certain spring on the land of the former, and the right to dig and keep open a trench over the land of the former to convey the water to the adjoining land of plaintiff. The evidence showed that on the land of the grantor of the easement there was a bog covering from a fourth to a half of an acre, and that it was rudely walled at a point where the water flowed from it, and that this walled place, and not the whole bog, was what was meant by the "spring" referred to in the conveyance. *Held*—

(1) That the conveyance did not require the grantor nor the defendant, his grantee of the land, to keep the ditch open which plaintiff dug from the spring to his land, nor to refrain from using the land for any of the ordinary pur-poses, and that defendant was not liable to plaintiff by reason of his using the land for the pasturage of cattle and swine, whereby the ditch was tramped and partially filled, and the water therein polluted, diminished and impeded in its flow.

(2) That defendant was not liable for any acts in relation to the bog which did not diminish the flow of the water from the "spring," as understood by the parties to the conveyance at the time it was executed.

*Appeal from Jones District Court.*—Hon. James D. Giffen, Judge.

Filed, June 5, 1890.

This is an action in equity to enjoin the defendant from using, befouling and diverting the water of a certain spring to the damage of the plaintiff. There was a full trial upon the merits, and a decree was entered for the defendant. Plaintiff appeals.

*Sheean & McCarn*, for appellant.

*F. O. Ellison* and *Remley & Ercanbrack*, for appellee.

Rothrock, C. J.—The plaintiff's right to the use of the spring of water in question is founded upon a conveyance made by one Thomas Grove to the plaintiff in the month of June, 1864. The following is a copy of said conveyance, so far as necessary to a determination of the extent of the grant thereby created: "Know all men by these presents, that Thomas Grove and Mary Grove, his wife, of Jones county, state of Iowa, in consideration of the sum of three hundred dollars in hand paid by Hiram Joslin, of Jones county, state of Iowa, do hereby sell and convey unto the said Hiram Joslin the following described premises, situated in Jones county, Iowa, to-wit: The west half of the northeast quarter of the southwest quarter of section twenty-six (26) in township eighty-four (84) north, of range four (4) west of fifth M. Also, the right to dig a trench, and perpetually keep open the same, over and through the southwest quarter of the northeast quarter, and the east half of the northeast quarter of the southwest quarter, all in said section twenty-six, township eighty-four, range four west of the fifth M., for the purpose of conveying and receiving water from the spring on the said premises of said Grove, and the right

to perpetually receive the water from said spring in the manner aforesaid." The twenty acres of land conveyed by this deed were part of a farm then owned by said Grove. It also adjoined the farm then and now owned by the plaintiff. The spring in question is not on said twenty acres, but is on the remaining part of the Grove farm, and some fourteen hundred feet from the line between the two farms, as the line between them was after said conveyance, and as it is at the present time. The easement acquired by the deed consisted of the right to dig a trench or ditch over and across the land of Grove, from the line between the farms up to the spring, and to keep the same open perpetually, and the right to receive the water from said spring by means of said trench. In the year 1865 the said Grove sold and conveyed his said farm to the defendant Sones, and in 1866 the plaintiff dug a ditch from his land across the farm of the defendant to the spring. The plaintiff complains that defendant has interfered with the rights of the plaintiff by building a hog-yard around said spring, and keeping a large number of hogs therein, and that he has used the land through which the ditch runs as a pasture for a large number of horses, hogs and cattle; that he has erected a spring-house over said spring; that he has dug a well a few feet from said spring about ten feet deep, and in such manner as to take water from said spring into said well, and that he has placed a pump in said well which is operated by a windmill, and pumps water to his barn, stable and stockyard, and that he has laid tile drains, and thereby conducted the water from the spring into said hog-yard for the use of his hogs, and that defendant's horses and cattle have tramped and filled in said ditch so that the water during the dry season cannot flow through the same; and that said hogs, by using and wallowing in the water, rendered it wholly unfit for use. The defendant denies that he has in any manner used, interfered with or appropriated the water of said spring.

Before entering upon a consideration of the material question in the case, it is proper to say that Grove

Joslin v. Sones.

and his grantee, the defendant, were not bound by the grant to preserve the ditch or drain, or keep it in repair by cleaning it out, and there was no obligation to use the land through which the ditch was constructed for any particular purpose. The defendant had the right to use it for ordinary farm purposes,—either for raising grain, or pasturage or meadow. This must have been in contemplation by the parties when the contract was made. The plaintiff has, therefore, no right to complain that cattle and horses tramped and filled in the ditch, nor that hogs wallowed in it; and there was no covenant on the part of defendant's grantor that the animals in his pastures should not drink water from the ditch, providing that the use is not unreasonable.

The real question in the case is, did the defendant wrongfully interfere with the flow of water from the spring in question, to the damage of the plaintiff? And the whole controversy really depends upon a determination of what was intended by the words "spring on said premises," and the right "to receive the water from said spring." There is no doubt it was competent for the parties to introduce parol evidence descriptive of the spring and its location. A large number of witnesses were examined upon the trial upon this feature of the case. It appears from the testimony that at the time the deed was made, and the right to the water from the spring was acquired, there was upon Grove's land a bog or peatbed, as some of the witnesses describe it, and that its area was from a quarter to a half acre. It was swampy, so that a pole or stick could be run down into it for ten feet or more. Water appeared on or very near the surface all over the swamp. There was but one place from which the water ran off. It was walled up in a rude way, and the water ran off from it through a small ditch or channel about a foot deep. This was called a "spring," and was known as a spring. There is not much conflict in the evidence as to these facts. But the plaintiff contends that the whole bog or peatbed should be regarded as one spring, and some of his witnesses appear by their testimony to so regard it.

But we think this view of the question is not correct.
The parties to the grant did not contemplate that the
plaintiff should have the right to drain the whole bog
with his ditch or trench.   They contracted with refer-
ence to the condition of things as they then appeared to
them,—for the right to the water from the spring, which
is a natural flowing body of water, the source of a
stream.   Now it may be conceded that the defendant
had no right to interfere with the natural flow of the
water as it then was, whether by digging a well, erect-
ing a spring-house, tile draining, or otherwise.   As we
understand the evidence, he has not done so.   We think
the plaintiff has not shown by a preponderance of the
evidence that the flow of water from the spring has been
decreased by any act of the defendant.   The water in
his well ordinarily stands upon a higher level than the
spring, and the drain tiles waste into the ditch.

It may be, and no doubt is, true that the quantity of
water which flows through the ditch is less in volume
than it was years ago.   It is more reasonable to suppose
that, with the breaking up of the natural soil, the
cultivation of the land, and the settlement of the
country, the stream made by this spring became dimin-
ished in volume by absorption, or from other causes.   In
our opinion, the plaintiff has no just cause to complain
of the decree of the district court.

AFFIRMED.