SIZER, Appellant, vs. QUINLAN, Respondent.

*May 6 — May 24, 1892.*

*Easements: Right of way: Right to fence.*

A reservation in a deed of "a reasonable right of way across the land" conveyed does not entitle the owner of the dominant estate to inclose a right of way with fences.

APPEAL from the Circuit Court for *Fond du Lac* County. The plaintiff, *Sizer*, is the owner of a tract of land on section 2, containing about seventeen acres, and also of forty acres of land on section 1, about ninety rods east of the former tract. The defendant owns a tract of land lying immediately between the plaintiff's two tracts, and both parties derived title from the same common grantor, who, in conveying to the defendant, *Quinlan*, reserved "a reasonable right of way across the land" so conveyed, between the tracts retained by him and now owned by the plaintiff. These tracts the said common grantor subsequently conveyed to the plaintiff's grantor, together with the said right of way. The plaintiff fenced in this right of way to the width of one rod and a half with a wire fence, for the better and more advantageous enjoyment of it, and the defendant, denying his right to fence it in, cut and broke down the fence in part, and sawed off a large number of the posts situate on the premises over which the way passed, and threatened to cut, tear down, and destroy the remainder of the fence, against the will of the plaintiff. Whereupon the plaintiff brought this action to enjoin and restrain the defendant from entering upon the plaintiff's premises and from interfering with said premises or with the plaintiff in any manner so as to prevent him from a full and free use and enjoyment of the premises aforesaid and of the fences situate thereon.

The defendant admits the existence of the alleged right of way over his said lands, and alleges that he has not denied and does not deny plaintiff's right to pass over it, but he denies that the plaintiff has any right to fence in or inclose such right of way on the sides thereof. The circuit court at the hearing was of the opinion that the right of way was an easement merely, and that the plaintiff had no right to fence it in, and gave judgment dismissing the complaint, from which the plaintiff appealed.

For the appellant there was a brief by *Duffy & Mc-Crory*, and oral argument by *J. H. McCrory*.

For the respondent there was a brief by *Colman, Sutherland & Hiner*, and oral argument by *J. W. Hiner*.

PINNEY, J. The right of way reserved by the defendant's grantor, and afterwards conveyed by him to the plaintiff with the lands to which it was appurtenant, created a mere easement. The language of the deed reserving it is "a reasonable right of way," and the common grantor of both parties conveyed it subsequently with the lands to which it was appurtenant as "the right of way across *P. Quinlan's* land." The plaintiff thus became the owner of the dominant estate for the benefit of which the easement existed, and the defendant's was the servient estate, burdened with the easement in question.

It is argued that because the right granted is "a *reasonable* right of way," and it is necessary to as full and perfect enjoyment of it as is desirable, that therefore the plaintiff, for his greater convenience and safety in its use, has a right to fence it in; but we do not think the language in question warrants any such conclusion. The lateral boundaries and width of the way are not specified. The word *reasonable* obviously has reference to the width and limits of the way to be enjoyed, but still it is a mere right of way, a mere easement, and no more, and, though a burden,

is not an estate or interest in lands, and does not confer on the plaintiff any exclusive or permanent right of occupancy, but merely a transitory use. The defendant, as the owner of the servient estate, is circumstanced in respect to this easement substantially as the owner of an estate along or over which a highway passes is at common law in respect to fencing the highway. He may fence along the highway or not, as his convenience may dictate, but he is not bound to fence it, or to permit any one else to do so. If the plaintiff is allowed to fence in his right of way it will work, it is manifest, an exclusion of the defendant from the land over which it passes, the full legal title to which still remains in him, which was not contemplated by the language used in the deed reserving the right of way or by the deed conveying it to the plaintiff, and would permit the plaintiff to exercise rights and avail himself of methods of use and enjoyment of the defendant's estate of a more permanent character than a mere right of way over his lands, and not essentially pertaining to or resulting from a mere easement over them.

The owner of the soil of a way, whether public or private, may make any and all uses of it to which the land can be applied, and take all profits which can be derived from it consistently with the enjoyment of the easement. Washb. Easem. p. *264 et seq. All rights which are consistent with the reasonable exercise of the easement remain with the grantor, because they are not granted. In this case the lands were conveyed by the common grantor to the defendant, and the mere easement was reserved and conveyed to the plaintiff. He is entitled only to a reasonable and usual enjoyment and use of the easement. *Bakeman v. Talbot*, 31 N. Y. 366, 371; *Baker v. Frick*, 45 Md. 337. In *Brill v. Brill*, 108 N. Y. 511, 517, similar views are expressed, and it is there laid down that "the owner of the soil has all the rights and benefits of ownership con-

sistent with such easement. Among others must be the right to have his lands fenced or unfenced at his pleasure. In the absence of fences, his horses and cattle must not obstruct the way, and the owner of the way is bound to the exercise of due and reasonable care by his own methods to prevent his cattle or other animals from trespassing. An inclosed road might be a convenience, but its creation is not imposed upon the owner of the soil by the terms of the reservation; it is not an actual or direct necessity to the full enjoyment of the privilege reserved, and it cannot be implied as incident thereto."

Testimony was given to show that the defendant consented to the erection of the fence, but this was no more than a parol license, which was revocable, and was in fact revoked by the acts and conduct of the defendant.

The judgment of the circuit court is correct and must be affirmed.

*By the Court.*— The judgment of the circuit court is affirmed.

See note to this case in 16 L. R. A. 512.— REP.