<hr />

## KELLER v. FINK.

### No. 19,356; July 26, 1894.

37 Pac. 411.

Water Rights—Injury to Dam.—Where plaintiff had the right to the water of a ditch and to a dam on defendant's land, which the latter used for the purpose of pasturing stock, defendant was not liable for injuries to the dam by the cattle tramping and treading the same, where plaintiff had the right to enter and protect the dam against such injuries.

APPEAL from Superior Court, San Luis Obispo County; V. A. Gregg, Judge.

Action by Frederick Keller against Charles Fink for damages to a dam. Judgment for defendant and plaintiff appeals. Affirmed.

Graves & Graves for appellant; W. H. Spencer for respondent.

HAYNES, C.—Plaintiff is the lessee of the Branch Flouring-mill, operated by the waters of Arroyo Grande creek. The dam and a portion of the ditch which conveys the water from the dam to the mill are upon defendant's land. It is claimed that defendant's horses, cattle and hogs so injure the dam and ditch that plaintiff is deprived of water to run his mill for a considerable portion of the time, and prays judgment for the sum of $5,000. The answer denies all the allegations of the complaint, and, for a second defense, alleges that he uses his land for stock purposes in the usual manner, and that he has never, in any manner, intentionally injured, or permitted to be injured, said dam or ditch. The cause was tried before a jury, and a general verdict was returned for defendant, upon which judgment was entered, and this appeal is from the judgment and an order denying plaintiff's motion for a new trial.

Respondent makes the point that the appeal from the order cannot be considered because not taken in time. This objection must be sustained. A bill of exceptions was taken by plaintiff, and used on the hearing of the motion for a new trial. The only errors of law noticed in appellant's brief are that the court erred in refusing to give the third and the fourth instructions requested by plaintiff. There was no controversy as to the right of the plaintiff to maintain and use the dam and ditch. The question was as to the defendant's liability for casual injury thereto upon his lands, occasioned by his stock, which was kept upon his land in the manner in which such stock is usually kept, and which rightfully had access to the water. The third instruction, if it had been given, would have required the jury to find against the defendant if they found that he permitted his stock to injure the dam and ditch "by tramping and treading and cutting the same," whereby the water was prevented from flowing to plaintiff's

mill. It was not contended that defendant had not the right to the water for his stock, nor, on the other hand, was there any denial of plaintiff's right to enter to make repairs, nor does it appear that plaintiff could not, without interfering with defendant's rights, have protected his dam and ditch, or that the dam might not have been so constructed and of such material that the stock could not injure it, instead of the temporary structure composed of brush and sand which existed. The fourth instruction requested was to the effect that, under the condition of things stated in the third request, the plaintiff was entitled to damages. These instructions were properly refused, and the instructions given fairly stated the law applicable to the facts developed by the evidence.

The plaintiff was not prejudiced by not being permitted to answer the question, "You say the profits have been $8 per day?" inasmuch as he did not make a case entitling him to any damages. An objection was properly sustained to the following question: "State whether or not it was worth while to repair the ditch so long as the defendant's stock are permitted to roam and go over the same." Unless it was shown that it was the defendant's duty to protect the dam and ditch, or in some manner prevent his stock from injuring them, the question was immaterial, and we see nothing in the evidence imposing such duty upon the defendant. Plaintiff's objection to the question put to defendant, "Have you used this land of yours, which includes the creek, any different from the way you have used your other land?" was properly overruled. No one has the right to purposely or so negligently use his property as to imply a willingness to injure the property of another, or which creates an injury which would not result from its ordinary and lawful use, but each is bound to protect his property from such injury as may arise from the ordinary and lawful use by another of his own property. We see no ground upon which the judgment should be reversed, and advise that it be affirmed.

We concur: Searls, C.; Vanclief, C.

PER CURIAM.—For the reasons given in the foregoing opinion, the appeal from the order denying a new trial is dismissed and the judgment affirmed.