[No. 1540.]

## F. B. ADAMS, APPELLANT, v. ARCHER BAKER AND LUCY BAKER, HIS WIFE, RESPONDENTS.

HUSBAND AND WIFE—JUDGMENT—SET-OFF—COSTS—COMMUNITY PROPERTY. In an action against a husband and wife, where the wife recovered a judgment for costs, but judgment was rendered against the husband for a sum in excess of the wife's judgment, it was proper to allow plaintiff's motion to discharge the larger judgment *pro tanto* by the smaller, since the parties are substantially the same, in that the act of March 10, 1873, sec. 2, provides that all the property acquired after marriage, by either husband or wife, or both, other than that acquired by gift, bequest, devise, or descent, shall be community property, subject to the husband's debts.

IDEM—COSTS—EARNINGS OF WIFE—COMMUNITY PROPERTY. A judgment for costs recovered by a married woman is not her earnings, so as to be exempt from the debts of her husband, especially where there is no showing that the money paid out as costs had been earned by

her, but, on the contrary, it was shown that they were paid out of money "earned, obtained or accumulated" by the husband and wife since their marriage, so as to be community property within the act of March 10, 1873, sec. 2.

APPEAL from the District Court of the State of Nevada, Ormsby county; *C. E. Mack*, District Judge:

Action by F. B. Adams against Archer Baker and Lucy Baker, his wife. From an order denying a motion to discharge plaintiff's judgment *pro tanto* with the judgment for costs obtained by the wife, plaintiff appeals. Reversed.

The facts sufficiently appear in the opinion.

*Trenmor Coffin*, for Appellant:

I. Assuming that a judgment for her costs had been rendered in favor of Mrs. Baker and against plaintiff Adams, it should have been offset against the judgment in favor of Adams *pro tanto.* (*Skrine* v. *Simmons*, 36 Ga. 402; 91 Am. Dec. 771-2; *Quick* v. *Durham*, 115 Ind. 302; *Ballenger* v. *Tarbell*, 16 Iowa, 491; 85 Am. Dec. 527, note and authorities, p. 531; *Hurst* v. *Sheets*, 21 Iowa, 331; Freeman on Judgments, 4th ed. vol. 2, sec. 467a, and authorities cited; Black on Judgments, vol. 2, sec. 1000, *et seq.*, and authorities cited.)

II. The judgment for costs in favor of and in the name of Lucy Baker was procured fifteen years after her marriage with defendant, Archer Baker, and, in the absence of the clearest proof, it will be presumed to be community property, and is subject to the payment and satisfaction of Archer Baker's debts. ("Community Property," Gen. Stats. 499, 500, 512, 513; "Husband has control of," Gen. Stats. 504; Same provisions in Civil Code of California, secs. 162, 164, 172; *Crow* v. *VanSickle*, 6 Nev. 146; *Youngworth* v. *Jewell*, 15 Nev. 45; *Tolman* v. *Smith*, 85 Cal. 280; *Schuyler* v. *Broughton*, 70 Cal. 282; Annotated Civil Code of California, sec. 164 and authorities cited; Cal. Digest, vol. 2, par. 182–233, and authorities cited; *Morgan* v. *Lones*, 78 Cal. 58; *Dimmick* v. *Dimmick*, 95 Cal. 323; *Smith* v. *Smith*, 12 Cal. 216; *Pixley* v. *Huggins*, 15 Cal. 127; *Charandeau* v. *Woffenden*, 1 Ariz. 272.)

*Alfred Chartz*, for Respondents:

I. To authorize a set-off at law the debts must be between

the same parties, in their own right, and this excludes a joint debt as a set-off against a several one. (*Naglee* v. *Palmer*, 7 Cal. 543; *Howard* v. *Shores*, 20 Cal. 277; *Calderwood* v. *Peyser*, 42 Cal. 111, a very similar case; *Davis* v. *Noteware*, 13 Nev. 421; Am. & Eng. Ency. of Law, vol. 22, p. 451 and authorities under note 4.)

II.   Mrs. Lucy Baker earned the amount of money named in her judgment as thoroughly as though she had worked out for wages. She put up her homestead—the homestead was in jeopardy—and it was money expended to acquire the homestead as well as to save it. Under our statute a homestead is not exempt from execution on a judgment recovered for the purchase money.

By the Court, BELKNAP, C. J.:

In a suit for the recovery of their homestead Mrs. Baker recovered judgment for her costs taxed at $83 65, but judgment was rendered against her husband for $938 and costs. Motion was made by plaintiff to discharge the larger judgment *pro tanto* by the smaller. The motion was supported by an affidavit showing that the defendants were and had been for many years husband and wife; that the judgment standing in Mrs. Baker's name is community property acquired by their joint efforts since marriage, and " that in so far as said costs have been paid by defendants, or either of them, they were paid out of the money earned, obtained or accumulated by defendants since their said marriage." No showing to the contrary was made. The motion was denied. Plaintiff appeals.

The act defining the rights of husband and wife, approved March 10, 1873, provides:

" Section 1.   All property of the wife, owned by her before marriage, and that acquired by her afterwards by gift, bequest, devise or descent, with the rents, issues and profits thereof, is her separate property; and all property of the husband owned by him before marriage, and that acquired by him afterwards by gift, bequest, devise or descent, with the rents, issues and profits thereof, is his separate property.

" Sec. 2.   All other property acquired after marriage, by

either husband or wife, or both,  *  *  *  is community property.

" Sec. 6.   The husband has the entire management and control of the community property, with the like absolute power of disposition thereof, except as herein provided, or of his own separate estate."

It is plain that, under these provisions of law and upon the facts established, the offset *pro tanto* should have been allowed.

In support of the order it is said, first, that the parties are not the same, and for this reason that the law of set-off does not apply; and, second, it is claimed that Mrs. Baker earned her judgment for her costs, and, under section 13 of the above-mentioned law, "the earnings of the wife are not liable for the debts of the husband."

The answer to the first contention is that the parties are substantially the same, and the judgment in favor of Mrs. Baker, being community property, is applicable to the payment of her husband's debts.

As to the second contention:   Costs, under our statute, are allowed the prevailing party as reimbursement for expenses incurred.   Their allowance proceeds upon the assumption that the money has been paid for them, or credit extended.

In this sense, it cannot properly be said that costs are earnings.   There was no showing that the money paid as costs had been earned by Mrs. Baker.   On the contrary, plaintiff's showing that " in so far as said costs have been paid by defendants, or either of them, they were paid out of the money earned, obtained or accumulated by defendants since their marriage," is conclusive against the contention.

Order reversed.