[Civ. No. 181. Third Appellate District.—June 23, 1906.]

## THOMAS SMITH, Appellant, v. WYATT HAMPSHIRE et al., Respondents.

WATER DITCH—DISTINCT PRESCRIPTIVE RIGHTS IN USER.—One party may acquire a distinct prescriptive right to maintain and use a ditch across the land of another for the purpose of conveying a limited quantity of water therein for the irrigation of his land, while at the same time the owners of the land on which the ditch is situated may acquire a separate and distinct prescriptive right to use the same ditch for the purpose of conveying another limited quantity of water for the irrigation of their own land from a point thereon where checks and a side ditch have been maintained by them for the prescriptive period.

ID.—RIGHT OF WAY FOR PASSAGE OF WATER—EXCLUSIVENESS OF USE.— A ditch is no more than a right of way for the passage of water, and it is not essential that the use of the ditch should be wholly exclusive for the purpose of acquisition of separate and distinct prescriptive rights to the use thereof. The prescriptive right of each party, as against the other, is limited merely to his own use, measured by the quantity of his water passed through the ditch, and if there was no hostile interference with that use, a permanent prescriptive right would accrue.

ID.—PRESCRIPTIVE RIGHTS OF OWNERS OF LAND.—While the owners of the land on which the ditch was situated could not acquire a pre-scriptive right to a right of way over their own land, they could destroy the claim of exclusive right therein in the owner of the easement by open, peaceable, notorious and continuous adverse use, and thus establish their right, as against his asserted claim, to use the ditch themselves for a limited purpose, and commingle their water with his in so doing.

ID.—FINDINGS—HARMONY—SUPPORT BY EVIDENCE—CONFLICT.—Where the findings in favor of the several parties are not conflicting, but the evidence in support of the finding of a prescriptive right in the owners of the land is conflicting, and there is some evidence to support it, it cannot be disturbed, though the preponderance of evidence may be against it.

ID.—CONSTRUCTION OF EVIDENCE.—In support of the decision of the court below, the appellate court must construe the testimony as favorably as possible for the respondents.

APPEAL from a judgment of the Superior Court of Kings County. M. L. Short, Judge.

The facts are stated in the opinion of the court.

Dixon L. Phillips, and John F. Pryor, for Appellant.

Bradley & Farnsworth, and W. R. McQuiddy, for Respondents.

McLAUGHLIN, J.—This action involves the respective rights of the parties to a water ditch and its use. It was alleged in the complaint that appellant owned the ditch with the right to its untrammeled use, and that respondents were hindering and obstructing him in the enjoyment of such right. Title by adverse use and possession for the statutory period was specially pleaded and damages in the sum of $1,000 were claimed. The answer contained specific denials of these averments, set up the statute of limitations generally, and by special plea of right to use the ditch and checks and side ditches connected therewith, acquired by adverse possession.

The court found that respondents owned the land over which the ditch runs; that plaintiff in 1893 constructed the ditch across said land from a general ditch owned by the Lakeside Ditch Company (a corporation), and had used the same adversely to respondents, during the irrigating season, for ten successive years, for the purpose of conveying a quantity of water to which he was entitled by reason of his ownership of two hundred shares of the capital stock of said ditch company, to and upon his land for irrigating the same. It was further found that appellant by long-continued adverse use had acquired the right to enter upon said land and ditch for the purpose of cleaning out and repairing the latter, but that respondents had not interfered with this right, nor with the use of the ditch for the purpose of conveying the quantity of water above mentioned. Touching the rights of respondents, it was found that for more than six years before the commencement of this action, they had used a portion of said ditch jointly with appellant for the purpose of conveying a quantity of water, representing seventy shares in the ditch company, to a side ditch or open cut, where they at all times during the irrigating season of each year maintained checks to turn the said quantity of water into the side ditch for use in irrigating their land, and that such use of the ditch, side

ditch and checks was "open, notorious, peaceable, uninterrupted, continuous, exclusive, under a claim of right and adverse to the plaintiff and the whole world."

It is contended that this finding is utterly inconsistent with the finding as to appellant's prescriptive right and that the conflict is so irreconcilable as to necessitate reversal.

This raises the question whether appellant could acquire a prescriptive right to use and maintain the ditch for the specific purpose of conveying a given quantity of water over respondent's land, while respondents at the same time were using a portion of the same ditch for the purpose of conveying a separate distinct quantity to a given point where the checks and side ditch were maintained. We think that under the authorities in this state this question must be answered in the affirmative. Appellant's ripening prescriptive right was limited to *his use,* measured by the quantity of *his* water carried through the ditch, and if there was no hostile interference with that use, a permanent prescriptive right would accrue. This, the court found to be the fact, and as respondents have not appealed, this finding must be taken as importing absolute verity. The measure of appellant's right being thus fixed, respondents retained the right to their land, burdened only by the servitude growing out of appellant's easement acquired by prescription. Respondent's hostile, adverse use of the ditch for a purpose not in conflict with appellant's use, was a limitation of the latter's right to the specific measured use apparently recognized. In other words, respondents could concede and recognize appellant's hostile claim of right to a given extent, but dispute and claim in hostility to the *full measure* of right asserted by the former. A ditch is no more than a right of way for the passage of water, and it was not essential that the use of the ditch, either by appellants or respondents, should be *exclusive* in order to confer the separate and distinct rights found and awarded by the court. This doctrine was announced by our supreme court in a well-considered case where it was said: "Neither was the word 'exclusively' necessary to the answer. The ditch might have been used also as a waterway by plaintiff and others, and this would not prevent the use of the several defendants from ripening into a right by prescription, provided the latter use was in no way interfered with. Several parties could use and acquire a permanent and several

right to use the same for waste water, just as several persons could use and acquire a private road.'' (*Abbott* v. *Pond,* 142 Cal. 396, [76 Pac. 60].) Appellant asserts with earnestness and confidence that his right could not ripen if respondents were hostilely interfering with it. This is undoubtedly sound, but respondents, under the findings, did not interfere with appellant's use of the ditch, or right to keep it in repair, for the specific purpose of carrying *his* water over their land. They allowed it to flow on by the checks and side ditch without interference or diminution; hence the existence of appellant's prescriptive right. Had they turned *his* water out of, and *their own* into the ditch, this would have been a hostile interference with appellant's right which would have prevented it from ripening. But their acts were hostile merely to his asserted claim of *exclusive* right to use the ditch. They consisted only of going into the ditch appellant excavated, to erect and maintain dams during the irrigating season of each year, to turn their water which they, under hostile claim of right to do so, commingled with *his* water, through the side ditch, also maintained under an adverse claim of right. This limited, adverse and hostile use conserved respondent's right to so use the ditch and maintain its checks and side ditch. While respondents could not acquire a prescriptive right to a right of way over their own land, they could destroy appellant's claim of *exclusive* right by open, peaceable, notorious and continuous adverse use, and thus establish *their* right (as against his asserted, exclusive claim) to use the ditch themselves for a limited purpose and commingle their water with his in so doing. The findings are, therefore, not conflicting.

It is said that the evidence is insufficient to sustain the finding in respondent's favor above mentioned. It may be said that the preponderance of evidence is against the finding, but as the evidence is conflicting, and there is some evidence to support the finding, it cannot be disturbed. ''In support of the decision of the court below we must construe the testimony as favorably as possible for the defendants.'' (*Carter* v. *Roberts,* 140 Cal. 165, [73 Pac. 818].)

While appellant undoubtedly plowed through the sacks used as checks whenever he cleaned the ditch, there is no evidence to show that this was done at any time during the irrigating season when the respondents were using the same.

Indeed, appellant recognized their right to maintain the checks and side ditch by suggesting a change of method in doing so.

The respondent erected certain fences along and across the ditch and it is claimed by appellant that this constituted an unwarranted interference with his right. The court found against him on this point and we are not only convinced that the evidence sustains the finding, but feel certain that appellant gained a distinct advantage in this regard by having the burden of maintaining the ditch above the cross-fence saddled on the respondents. The other findings assailed are fully supported by the evidence.

Counsel for appellant in their briefs failed to direct attention to the folios where particular rulings on the admissibility of evidence might be found, but we have nevertheless traced and examined each ruling assailed, and found no prejudicial error.

The judgment is affirmed.

Chipman, P. J., and Buckles, J., concurred.