HAYS, RESPONDENT, *v.* DE ATLEY ET AL., APPELLANTS.

(No. 4,980.)

(Submitted January 6, 1923. Decided January 22, 1923.)

[212 Pac. 296.]

*Waters and Water Rights — Quieting Title — Ditch Rights — Title by Prescription — Adverse User — Complaint — Sufficiency—Easements—Licenses—Appeal and Error—New Trial —Discretion.*

Waters and Water Rights—Ditch Rights—Easements—Adverse User—Complaint—Sufficiency.

1. In an action to quiet title to an easement by prescription in a ditch across defendants' land, the complaint alleging, *inter alia,* that plaintiff's possession had for more than ten years been continuous and exclusive was sufficient as against the objection that it was defective in not alleging that it was also peaceable, the words "continuous" and "exclusive" comprehending the meaning of "peaceable."

Same—Ditch Rights—Title by Prescription—Statutory Period of Limitation Sufficient.

2. Adverse user of a ditch right across another's land for the statutory period limited for the acquisition of title to real property (ten years) is sufficient to confer a prescriptive title to an easement in an irrigating ditch.

Same—Ditch Rights—Title by Prescription—"Exclusive" Use—Complaint—Sufficiency.

3. The fact that plaintiff in his complaint claimed the right to use the ditch to the extent of one-half of its capacity only, conceding to defendants the right to use the other half, did not have the effect of destroying his allegation that his use was exclusive, the word "exclusive" in such a case meaning, not that others had no rights in it, but that his right to its use was not dependent on

[65 Mont. 558.]

the like right in others and that their use did not interfere with his.

**Same—"Continuous" Use of Ditch—What Constitutes.**

4. Adverse user of an irrigating ditch whenever use of it was necessary, uninterrupted by the owner of the servient estate, was continuous and uninterrupted, continuous use not necessarily implying constant use and continuity of use depending altogether upon the nature and character of the right claimed.

**Same—Ditch Rights — Easements — Licenses—Construction of Grant—Intent of Grantor.**

5. In determining whether a parol grant of a ditch right over the grantor's land was an easement or a mere license, the intention of the latter in granting the claimant the right is a matter of prime consideration, and where the grantor himself testified that he had accorded plaintiff a permanent half interest in the ditch over the lands in consideration of labor performed by him in keeping it in condition, the contention of the grantor's successors in interest that it was a mere license revocable at will was without merit.

**Appeal and Error—Equity Suits—New Trial—Discretion.**

6. Since in a water right suit the parties are not entitled to a trial by jury, and if tried with a jury the court may disregard their verdict, it may, if in its opinion the evidence is insufficient to sustain their findings, grant a new trial without being open to the charge that in doing so it abused its discretion.

*Appeal from District Court, Carbon County; A. C. Spencer, Judge.*

ACTION by E. T. Hays against R. De Atley and others. Verdict for defendants; they appeal from an order granting plaintiff a new trial. Affirmed.

*Messrs. Shea & Wiggenhorn,* for Appellants, submitted a brief; *Mr. R. G. Wiggenhorn* argued the cause orally.

The complaint does not state facts sufficient to constitute a cause of action. It is not alleged that plaintiff's possession was peaceable or uninterrupted. (See *Montecito Valley Water Co.* v. *City of Santa Barbara,* 144 Cal. 478, 77 Pac. 1113, 1119; *Larsen* v. *Onesite,* 21 Utah, 38, 59. Pac. 234; *Coleman* v. *Hines,* 24 Utah, 360, 67 Pac. 1122.)

The statutory period of limitation is not applicable to easements; that is to say, we contend that under our statutes an easement cannot be acquired by adverse use for ten years. It

is true that it has frequently been decided that easements may be acquired by prescription in the same manner that land may be acquired; that is to say, by showing a possession for the statutory period. But where it does not appear that the statute contemplates easements, then a prescriptive right can be obtained only after the twenty-year period of the common law has run. (2 Kinney on Irrigation and Water Rights, pars. 1044, 1045; *Harkness* v. *Woodmansee,* 7 Utah, 227, 26 Pac. 291; *Funk* v. *Anderson,* 22 Utah, 238, 61 Pac. 1006; *North Point Consol. Irr. Co.* v. *Utah & S. L. Can. Co.,* 16 Utah, 246, 67 Am. St. Rep. 607, 40 L. R. A. 851, 52 Pac. 168; *Coleman* v. *Hines,* 24 Utah, 360, 67 Pac. 1122.)

The plaintiff's possession has not been exclusive; it does not serve to defeat the defendants' right and is merely permissive and can never ripen into title. The possession of one claiming by adverse possession must operate as an ouster of the owner—disseizin. (1 R. C. L. 702.) Nor is this rule limited in application merely to land, for it is held: "The same rule which requires the claimant to maintain possession to the exclusion of the owner of the land applies to easements as well as to land generally." (*North Point Consol. Irr. Co.* v. *Utah & S. L. Can. Co.,* 16 Utah. 246, 67 Am. St. Rep. 607, 40 L. R. A. 851, 52 Pac. 168; see, also, *Kilburn* v. *Adams,* 7 Met. (Mass.) 34, 39 Am. Dec. 754; *Howard* v. *Wright,* 38 Nev. 25, 143 Pac. 1184–1187; *Sassman* v. *Collins,* 53 Tex. Civ. App. 71, 115 S. W. 337, 339; *Williams* v. *Kuykendall* (Tex. Civ. App.), 151 S. W. 629; *Reid* v. *Garnett,* 101 Va. 47, 43 S. E. 182.)

The facts here indicate a mere revocable license. (*Great Falls Water Works Co.* v. *Great Northern Ry. Co.,* 21 Mont. 487, 54 Pac. 963; *Prentice* v. *McKay,* 38 Mont. 114, 98 Pac. 1081; *Archer* v. *Chicago, M. & St. P. Ry. Co.,* 41 Mont. 56, 137 Am. St. Rep. 692, 108 Pac. 571; *Lewis* v. *Patton,* 42 Mont. 528, 113 Pac. 745.)

*Mr. C. C. Rowan,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This is an action in the nature of an action to quiet title to an easement, and to secure an injunction restraining the defendants from interfering with the exercise of the right as- serted by plaintiff. The particular easement claimed is the right to use an irrigating ditch across the lands of the defendants De Atley to the extent of one-half of its capacity. The other defendants were tenants in possession of the De Atley ranch at the time this action was commenced. The cause was tried to the court with a jury, and a general verdict was returned in favor of the defendants. Upon motion of plaintiff, a new trial was granted, and defendants appealed from the order.

It is contended that the complaint does not state a cause of action, and the principal objections urged against it will be considered in their order.

Plaintiff alleges that for more than ten years continuously since 1905 he was in the open, notorious, exclusive, adverse, and hostile use and occupation of an undivided half interest in the ditch and right of way therefor under claim of right.

The first objection is that the complaint is insufficient in [1] that it does not contain an allegation that the plaintiff's possession was peaceable. There is not any merit in the contention. While it is true that some courts in enumerating the elements necessary to acquire title by prescription declare that the possession must be peaceable, they mean nothing more than that it must be continuous—that is, that it must not be interrupted by the owner of the servient estate. (*Montecito Valley Water Co.* v. *Santa Barbara,* 144 Cal. 578, 77 Pac. 1113; 3 C. J. 188.)

In 2 Kinney on Irrigation and Water Rights, page 1889, it is said: ''The word 'exclusive' also comprehends a continuous

65 Mont.—36

use by the claimant, and is synonymous in this connection with the word 'uninterrupted.' It is also held that the word 'uninterrupted' is synonymous with the word 'peaceable' so far as the right acquired by adverse possession is concerned.'' Plaintiff alleges that his possession was continuous and exclusive; hence the complaint is not open to this objection.

Again, it is insisted that the complaint is insufficient in [2] that there is not any allegation that the adverse use continued for twenty years, the period fixed by the common law. It is the general rule that, if the other essential elements are present, the adverse use need be continued only for the period limited for the acquisition of title to real estate generally. In other words, the statute of limitations applicable to an action in ejectment determines the period of adverse possession necessary to acquire title to an easement. (2 Kinney on Irrigation and Water Rights, secs. 1044, 1045; 19 C. J. 893; 9 R. C. L. 772.) In this state the statutory period is ten years. (Secs. 9015, 9016, Rev. Codes 1921.) Section 6818, Revised Codes of 1921, provides: ''Occupancy for the period prescribed by the Code of Civil Procedure as sufficient to bar an action for the recovery of the property confers a title thereto, denominated a title by prescription, which is sufficient against all.'' That section we borrowed from California, where it has been in force since 1872. (Cal. Civ. Code, sec. 1007.) Long prior to the time when we adopted it, the California court had construed it to apply to an easement (*Kripp* v. *Curtis*, 71 Cal. 62, 11 Pac. 879; *Thomas* v. *England*, 71 Cal. 456, 12 Pac. 491), and that construction was adopted by this court in *State* v. *Auchard*, 22 Mont. 14, 55 Pac. 362. The Utah court has adhered to the theory for which defendants contend, but only because of the fact that Utah does not have a statute similar to our section 6818 above. (*Funk* v. *Anderson*, 22 Utah, 238, 61 Pac. 1006.)

It is contended further that the complaint discloses on the [3] face of it that plaintiff's use could not have been exclu-

sive, since he claims the right to use the ditch in question only to the extent of half of its capacity, and concedes to defendants the right to use it to the extent of the other half of its capacity; hence he cannot recover upon any admissible view of the case made by his pleading. But the term "exclusive" as employed by the courts in enumerating the elements of prescription does not mean that no one else may use the ditch except the plaintiff, the claimant of the easement. It means no more than that his right to use it does not depend on the like right in others. Plaintiff's use may have been exclusive within the meaning of the rule even though defendants used the ditch, so long as their use did not interfere with the use by plaintiff. (*Smith* v. *Hampshire,* 4 Cal. App. 8, 87 Pac. 224; *Pavey* v. *Vance,* 56 Ohio St. 162, 46 N. E. 898; *Schmidt* v. *Brown,* 226 Ill. 590, 11 L. R. A. (n. s.) 457, 117 Am. St. Rep. 261, 80 N. E. 1071; *Abbott* v. *Pond,* 142 Cal. 393, 76 Pac. 60; *Hoyt* v. *Hart,* 149 Cal. 722, 87 Pac. 569; Jones on Easements, sec. 272; 19 C. J. 892; 9 R. C. L. 773.) The principle was applied by this court in *Lowry* v. *Carrier,* 55 Mont. 392, 177 Pac. 756. The rule has its foundation in the general principle, recognized by all the authorities, that the owner of the servient estate may use his property in any manner and for any purpose consistent with the enjoyment of the easement by the claimant. (*Colegrove Water Co.* v. *Hollywood,* 151 Cal. 425, 13 L. R. A. (n. s.) 904, 90 Pac. 1053; 14 Cyc. 1208; 19 C. J. 977.)

It is our conclusion that the complaint is not subject to any of the attacks made upon it.

It is next contended that the evidence does not justify any [4] conclusion different from the one reached by the jury. The record discloses that from 1905 to 1916, inclusive, Allen Black was the owner of the ranch now known as the De Atley place. It was during that period of eleven years that plaintiff claims that he acquired the easement in question. Upon the trial he testified that he told Black that at any

time he (plaintiff) was not using the ditch Black was welcome to use it, that is, to employ the use to which plaintiff claimed to be entitled. Because of this evidence defendants insist that plaintiff's use was not continuous and uninterrupted, hence he could not acquire title by prescription. What constitutes continuity of use will depend altogether upon the nature and character of the right claimed. (*Hesperia L. & W. Co.* v. *Rogers,* 83 Cal. 10, 17 Am. St. Rep. 209, 23 Pac. 196; 9 R. C. L. 774.) Continuous and uninterrupted use means use not interrupted by the acts of the owner of the servient estate or voluntary abandonment by the easement claimant. Continuous use does not necessarily imply constant use. If plaintiff used the ditch whenever he needed to use it, and his use was not interrupted by Black, he met the requirements of the rule. (*Strong* v. *Baldwin,* 154 Cal. 150, 129 Am. St. Rep. 149, 97 Pac. 178; Jones on Easements, sec. 271; 19 C. J. 882; 9 R. C. L. 774.) In *Hesperia L. & W. Co.* v. *Rogers,* above, the court stated the rule correctly as follows: "The right is not abandoned to the use of a ditch to convey water for purposes of irrigation because water does not flow in it every day in the year. The party claimant does not need the ditch every day in the year, and the law does not require him, to constitute continuity of use, to use the water when he does not need it. If he has used the ditch at such times as he needed it, it is regarded by the law as a continuous use. If a right of way over another's land has been used for more than five years, it is not necessary, to make good such use, that the claimant has used it every day. He uses it every day, or once in every week, or twice a month, as his needs require. He is not required to go over it when he does not need it, to make his use of the way continuous. The claimant is required to make such reasonable use of the way as his needs require. So it is of the ditch. If, whenever the claimant needs it from time to time, he makes use of it, this is a continuous use. An omission to use when not needed

does not disprove a continuity of use, shown by using it when needed.''

Again, it is contended that the evidence discloses that the [5] right or privilege secured by plaintiff was nothing more than a license, and, since it was not coupled with an interest, it was revocable at the will of the defendants; but with this we are unable to agree. There is not any question that plaintiff went into the use of the ditch by virtue of some sort of agreement with Black, the owner of the land over which the ditch extended; hence Black's intention in according to plaintiff the right to use the ditch is a matter of prime consideration. (*McDonnell* v. *Huffine,* 44 Mont. 411, 120 Pac. 792.) Black testified: ''I inferred and thought and intended that he [plaintiff] should have a permanent right in the ditch. * * * He performed each and every part of his obligation. He used the ditch as though it was his own and as though he was entitled to a half interest in it at all times from that year (1905) until 1916, when I left.'' The facts of this case are very similar to those involved in *McDonnell* v. *Huffine,* above, and the decision in that case is controlling here. The distinction between this case and the *McDonnell Case,* on the one hand, and *Lewis* v. *Patton,* 42 Mont. 528, 113 Pac. 745, on the other, is so marked that there is not room for any difference of opinion upon the principal question involved.

Finally, defendants contend that, in any event, the evidence preponderates in their favor, and for this reason the court [6] erred in granting a new trial. There is not any substantial conflict in the evidence. Defendants rely upon testimony tending to prove that plaintiff and Black, his principal witness, each made statements out of court inconsistent with the testimony given by him upon the trial of this case. The court below granted the motion for a new trial ''upon the ground that the evidence is insufficient to sustain the verdict of the jury.'' Defendants were not entitled to a jury trial as a matter of right. The court might have treated the verdict as advisory, and might have disregarded it altogether. Under

these circumstances it cannot be said that it abused its discretion in granting a new trial.

The order is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, GALEN and STARK concur.