DETERMINED IN

# THE SUPREME COURT

OF THE

## STATE OF WYOMING

[OCTOBER TERM, 1923]

## HARMONY DITCH COMPANY vs. SWEENEY

(No. 1054, February 5th, 1924; 222 Pac. 577.)

ANIMALS—TRESPASS—DÀMAGES—APPEAL AND ERROR—WATER AND WATER COURSES—IRRIGATION DITCHES—INJUNCTION.

1. In an action for damages for trespass by defendant's sheep in watering at plaintiff's irrigation ditch, evidence that plaintiff owned the ditch which was used to carry water for irrigation purposes and that for at least 20 days during the lambing season defendant grazed about 1,000 head of sheep near the ditch, driving them back and forth between the ditch and range daily for purpose of water, *held* sufficient to show a willful trespass entitling plaintiff to damages.

2. An owner who permits his domestic animals to graze on the public lands cannot be held for damages occasioned upon their straying upon the uninclosed lands of another, but is liable if the animals are wilfully driven or herded upon such property.

3. The right of an owner to graze his domestic animals upon adjacent lands must be exercised in a reasonable manner,

and it does not include the right to deliberately and repeatedly use a private irrigation ditch as a watering place for a large number of sheep.

4. Where the pleadings admitted plaintiff's ownership of an irrigation ditch and the evidence showed that plaintiff was using it for the purpose of irrigation with such possession as it was possible to have of property of that kind, and it was assumed on the trial that plaintiff had a right of way recognized and protected by Rev. St. U. S. §§ 2339 and 2340 (U. S. Comp. St. §§ 4647, 4648), plaintiff's title was sufficiently established to maintain an action of trespass against any one interfering with his use and possession thereof.

5. Plaintiff is entitled to at least nominal damages for an actionable trespass, though plaintiff may have been benefited by it.

6. Generally a reversal will not be ordered for failure to award nominal damages to a plaintiff, but where defendant recovers his costs and plaintiff's claim involves a right which needs to be vindicated, and possibly protected, by an injunction, the rule is inapplicable.

7. In an action for trespass in wrongfully watering defendant's sheep at plaintiff's irrigation ditch, evidence that the horses and cattle of other parties were on the ditch at the same time that defendant's sheep were there and that they may have caused a part of the damages complained of was important only in estimating the amount recoverable from defendant.

8. In an action for damages for trespass by defndant's sheep watering in plaintiff's irrigation ditch, evidence *held* not to show that use of the ditch was with plaintiff's consent or permission.

9. In an action for damages for trespass and an injunction in which the evidence showed that a trespass was committed, the court in reversing and remanding the cause for failure to award nominal damages to plaintiff was not obligated to discuss the right of plaintiff to a permanent injunction, where the lapse of time and change in conditions might have rendered that incidental relief unnecessary.

ERROR to District Court, Big Horn County; PERCY W. METZ, Judge.

Action by Harmony Ditch Company against Owen Sweeney for damages by trespassing animals. There was judgment for defendant and plaintiff brings error.

*C. A. Zaring* and *Lonabaugh & Wenzell* for plaintiff in error.

The issue is reduced to one proposition, to-wit: whether defendant is liable in trespass for holding, driving and watering his sheep on plaintiff's ditch, or is the injury caused thereby, *damnum absque injuria;* under the facts defendant is liable, Cosgriff v. Miller, 10 Wyo. 222; Martin v. Sheep Co., 12 Wyo. 432. Possession is sufficient to warrant injunction, Noble v. Carmody & Hudson, 20 Wyo. 227; Lindley on Mines 837; one must use his own property as not to injure his neighbor, Big Goose & Beaver Ditch Co. v. Morrow, 8 Wyo. 557; Hobbs v. Amidor Co., 4 Pac. 1147; Fitzpatrick v. Montgomery, 50 Pac. 416; Carson v. Hayes, 65 Pac. 814. As a case directly in point, see Bylew v. Paisley (Ore.) 21 Pac. 934, 4 L. R. A. 840.

*Brome & Hyde* for defendant in error.

The evidence did not show damage to plaintiff's ditch, which was unfenced and adjacent to open range; the claim that defendant wilfully and maliciously drove his sheep upon the land through which plaintiff's ditch runs, is without warrant. The Cosgriff and Martin cases cited, were supposed to have excluded sheep men from that portion of the public domain, through which the ditch ran. The Oregon case was decided upon the supposition that plaintiff owned the land occupied by the ditch, differing in that respect from the present case. Plaintiff did not show ownership of a right of way through the lands in question; even with a right of way across public lands, plaintiff could not exclude defendant from use of the land through which the ditch ran. The Cosgriff and Martin cases do not apply. Defendant could not be enjoined from grazing public lands on either side of the ditch; plaintiff had no rights, other than to enter upon the land to use, enjoy or repair his ditch, Big Goose & Beaver Ditch Co. v. Morrow, 8 Wyo. 543; a ditch easement is limited to ordinary use, Herrin v. Siebin (Mont.) 127 Pac. 323; Smith Co. v. Colo. Co., 82 Pac. 940;

the case of City v. Daly, 91 Pac. 1036 was unlike this case, on the facts. . Animals were polluting a public water supply, and endangering the public health.    One using his own property unlawfully and without negligence is not responsible to his neighbor for unavoidable loss resulting, Beach on Inj. 1112; Barnard v. Sherley, 135 Ind. 547, 34 N. E. 600, 24 L. R. A. 568; Penn Coal Co. v. Sanderson, 113 Pa. 126.    The construction of plaintiff's ditch did not preclude use of the public domain through which it passes.    Plaintiff's case is without equity.    The judgment should be affirmed.

KIMBALL, Justice.

This action was for damages alleged by plaintiff to have been caused by the trespass of defendant's sheep on plaintiff's irrigating ditch, and for an injunction to secure the plaintiff against the continuance or repetition of such trespass.    The trial was had without a jury and judgment on general findings was for defendant with costs.    The plaintiff has brought the case here by proceeding in error.    The only question we need consider is whether under] the admitted or undisputed facts the plaintiff was entitled to damages.

In the spring of 1919 the plaintiff, a corporation, owned the ditch in question which it used to carry water for irrigation, and domestic purposes.    The ditch is not described with any particularity, but it is to be gathered that it was an ordinary trench with banks and bottom of the same earth as the surrounding lands.    The defendant owned or had in his charge about 1100 ewe sheep which, for at least 20 days during the lambing season in the spring of 1919, were held under the care of defendant and 4 or 5 employees on lands adjacent to the ditch, using the ditch as a watering place for the sheep.    The "drop herd," made up of ewes that had not lambed, was driven daily from the range to the ditch and then back again to the range.    The ewes that had lambed were left with the lambs in small "bunches" near the ditch so they of their own accord would go to the ditch

for water. The ditch where so used was unfenced and traversed lands, also unfenced, a part of which were unappropriated public lands and a part the property of one Jordan, who had given defendant permission to take his sheep there.

The foregoing facts were undisputed and, in our opinion, were sufficient to prove a wilful trespass entitling plaintiff to a judgment for the damages to the ditch unless there was evidence to justify a finding that defendant had a right to use the ditch in the manner described. The rule of the common law that makes it the duty of every man to keep his livestock within the limits of his own possessions has been so far relaxed in this state that the owner who permits his domestic animals to graze on the public lands cannot be held for damages occasioned by their straying upon the unenclosed lands of another. This is not because there is no trespass, but because there is no right to damages. Gillespie v. Industrial Co. 22 Wyo. 331, 334; 140 Pac. 832, 52 L. R. A. (N S) 133; Ann. Cas. 1917-A 287. The common law still prevails with reference to animals that are wilfully driven or herded upon the unenclosed property of another. Cosgriff v. Miller, 10 Wyo. 190, 222; 68 Pac. 206, 98 A. S. Rep. 977; Kendrick v. Healy, 27 Wyo. 123, 192 Pac. 601.

The defendant relies upon the case of Bellevue v. Daly, 14 Ida. 545, 94 Pac. 1036, 15 L. R. A. (N S) 992, 125 Am. St. Rep. 179; 14 Ann. Cas. 1136, holding that the owner of an easement to receive water through a ditch across defendant's field could not, in the absence of negligence or malice, enjoin the ordinary use of the field as a pasture on the ground that the pastured stock polluted the water in the ditch. See, also, Durfee v. Garvey, 78 Calif. 546; 21 Pac. 302; Keller v. Fink, 4 Cal. Unrep. 730, 37 Pac. 411; Joslin v. Sones, 80 Ia. 534; 45 N. W. 917; Holfrich v. Cantonsville Water Co. 74 Md. 269; 32 Atl. 72, 13 L. R. A. 117, 28 Am. St. Rep. 245; McEvoy v. Taylor, 56 Wash. 357, 105 Pac. 851, 26 L. R. A. (N S) 222. The principle underlying these cases is "that every man has a right to the natural use and enjoyment of his own property; and if, while lawfully in

such use and enjoyment, without negligence or malice on his part, an unavoidable loss occurs to his neighbor, it is *damnum absque injuria.''* Beach on Injunctions, Sec. 1112, note 1. It appears from this statement, and the cited cases, that in order that a party may by the application of this principle escape liability for his intentional acts, it must appear not only that he was exercising a right but also that he was exercising it in an ordinary, reasonable or usual manner. The defendant claimed the right to graze the lands on both sides of the plaintiff's ditch, and, incidentally, the right to gain access to all those lands by driving his sheep across the ditch. There is no reason in this case to dispute this claim, and it may be conceded that the plaintiff would have had to suffer without remedy any damages occasioned by casual and inadvertent trespasses incident to the exercise of the right. But the right to graze adjacent lands must be exercised in a reasonable manner, and we think it cannot include the right deliberately to use a private ditch as a watering place for more than a thousand head of sheep that are continuously or repeatedly driven or herded thereon, as defendant admits having done in this case. Such affirmative action for the purpose of appropriating to defendant's benefit the use of plaintiff's property cannot be justified under the principle relied upon.

There has been some discussion by counsel of the nature and sufficiency of plaintiff's title to the right of way for the ditch. The petition alleged that plaintiff was the owner of the ditch and the right of way therefor. The answer admitted plaintiff's ownership of the ditch and that it was located as alleged in the petition. The evidence showed that plaintiff was maintaining and using the ditch for the purposes already stated with such possession as it is possible to have of property of that kind. We think this was sufficient to show plaintiff's right to maintain the action of trespass against a wrongdoer. *Noble & Carmody v. Hudson*, 20 Wyo. 227, 122 Pac. 901. The trial was had on the theory that plaintiff's title and right to possession of the ditch were not

in issue.  It was assumed on the trial and by us in reviewing the case that the plaintiff had a right of way recognized and protected by sections 2339 and 2340, U. S. Rev. Stat., and we think there is no doubt that an owner of a ditch constructed and maintained under those sections is entitled to be protected in its possession and use.  Chicago, B. & Q. R. Co. v. McPhillamey, 19 Wyo. 425; 118 Pac. 682, Ann. Cas. 1913-E 101.

It is contended that the evidence warranted a finding that the plaintiff sustained no actual damage as the result of the trespass.  It is difficult to concede this, for it is unreasonable to suppose that the acts admitted to have been done could have failed to cause some actual damage to the ditch, and the evidence was undoubtedly sufficient to support a finding that the damage was considerable.  However, the point is not material in deciding whether a judgment for defendant was warranted by the evidence.  If an actionable trespass was committed the plaintiff was entitled to at least nominal damages.  A trespass cannot be justified by proof that the damages were only nominal or even that the plaintiff benefited by it.  Whittaker v. Stangvick, 100 Minn. 386; 111 N. W. 295, 10 L. R. A. (N S) 921, 117 Am. St. Rep. 703, 10 Ann. Cas. 528; Foust v. Kinney, 202 Ala. 392, 80 So. 474. It was held by this court in Hecht v. Harrison, 5 Wyo. 279, 40 Pac. 306, that in certain cases a reversal would not be ordered for failure to award nominal damages to the appealing party, but the opinion shows clearly that the rule could not be applied to prevent a reversal in the case at bar where the defendant recovered his costs, and where the plaintiff's claim involves a right which we think needs to be vindicated and, possibly, protected by injunction.

Evidence that horses and cattle of other parties were on the ditch at the same time defendant's sheep were there, and that the horses and cattle may have caused a part or most of the damages was important only in estimating the amount recoverable from defendant.  Powers v. Kindt, 13 Kans. 74; Brown v. McCload, 96 Ore. 549, 190 Pac. 578.

The defendant claimed that before moving his sheep to the ditch he was told by two of plaintiff's three directors that they had no objection to defendant's proposed use of the ditch. Both of the directors whose permission defendant claimed to have obtained testified as witnesses. It is clear from their testimony as well as from the testimony of defendant himself on this subject that if the directors failed to make an objection, they failed also to give their consent to defendant's use of the ditch, and, further, that the directors were voicing only their disinclination to make a personal objection, and not undertaking or pretending to speak for the corporation. When plaintiff's agents learned that defendant's sheep were on the ditch, they made prompt and vigorous objection which was met by defendant's refusal to move on the ground that he could not then do so without injuring his sheep, and his statement that he was willing to pay any damages his sheep might do to the ditch. We think the defendant failed to show that his use of the ditch was with plaintiff's consent or permission.

A temporary restraining order, granted at the time of commencing the action, was modified on defendant's application before the trial. No question is raised as to the propriety of the modification of this temporary order. We deem it unnecessary to discuss the right of plaintiff to a permanent injunction under the evidence in the record, as the lapse of time and change in conditions may have rendered that incidental relief unnecessary.

The judgment of the district court will be reversed and the cause remanded for a new trial.

*Reversed and Remanded.*

POTTER, Ch. J., and BLUME, J., concur.

NOTE—See 3 C. J. pp. 127, 132, 147; 4 C. J. pp. 649, 1180; 38 Cyc. 1123; 40 Cyc. 829.