(No. 5323. February 11, 1930.)

PIONEER IRRIGATION DISTRICT, a Corporation, Appellant, v. W. KENNETH SMITH, Respondent.

[285 Pac. 474.]

Rice & Bicknell, Frank T. Wyman and Frank T. Wyman, Jr., for Appellant.

Wm. B. Davidson, for Respondent.

VARIAN, J.—Appellant, a duly organized irrigation district, brought this suit for an injunction to restrain defendant from permitting his hogs to go upon its right of way

and ditch, or in the waters thereof, situate on defendant's premises. The complaint alleges a prescriptive right of way, enjoyed for twenty-five years, fifteen feet on each side of the center line thereof, for a ditch across defendant's forty-acre tract, for the purpose of conveying irrigation water to about five hundred acres of land situate in plaintiff irrigagation district; that said ditch is a necessary part of plaintiff's irrigation works, is from five to six feet in width and from two and one-half to three and one-half feet in depth; that practically no excavation was necessary in the construction of said ditch, the sides of which are made with banks of earth built upon the surface of the ground so that in many places the bottom of the ditch is no lower than the surface of the adjoining ground; that defendant has about 100 hogs on his said land, which for more than a year last past he has allowed to trespass at will on said right of way and in said ditch; that as many as a dozen have congregated on one place at one time in said ditch, thereby obstructing the flow of water, and causing it to overflow the banks of said ditch and to flow through the cuts and holes made therein by said hogs, thereby causing great delay and expense in delivering water to the users thereof, and causing plaintiff great expense in the maintenance and upkeep of said ditch; that, under C. S., sec. 1970, plaintiff is not required to fence against defendant's hogs. The complaint also prays for $250 damages.

Defendant filed a demurrer to the effect that the complaint did not state a cause of action or grounds for equitable relief, and for uncertainty in several particulars. The demurrer was sustained, and judgment of dismissal entered, from which plaintiff appeals. Another or second cause of action was stated, but was settled prior to the appeal herein, and is not before us.

An easement for the flow of water through an artificial watercourse upon the land of another may be acquired by prescription. The right thus acquired is limited to the extent and manner of use during the prescriptive

period (Jones on Easements, sec. 799; *Smith v. Hampshire,* 4 Cal. App. 8, 87 Pac. 224), and title once acquired by prescription is as complete as any other. (*Gardner v. Wright,* 49 Or. 609, 91 Pac. 286; *George v. Gist,* (Ariz.) 263 Pac. 10.)

Plaintiff claims a right of way for a ditch used for the sole purpose of carrying irrigation water across defendant's land, which includes the right of entry on said land to make repairs and clean out and maintain said ditch. The owner of such an easement over lands of another is required to "keep up, maintain, and protect" his easement or right of way, and it is his duty to protect his ditch. (*City of Bellevue v. Daly,* 14 Ida. 545, 125 Am. St. 179, 14 Ann. Cas. 1136, 94 Pac. 1036, 1038, 15 L. R. A., N. S., 992.) The owner must likewise so use his easement as not to materially interfere with the ordinary use of his land by the owner of the servient estate. (2 Kinney on Irrigation, 2d ed., p. 1756, sec. 993.) And, in the absence of limitations imposed by contract, or otherwise, the owner of the servient estate has the undoubted right to use his land according to the ordinary course of husbandry, including the right to graze his livestock thereon. (*City of Bellevue v. Daly, supra; Keller v. Fink,* 4 Cal. Unrep. 730, 37 Pac. 411.) He may without negligence use it as "similar land in the vicinity is ordinarily used and for which it is naturally fitted," and repairs to the ditch made necessary by such ordinary use must be made by the ditch owner. The land owner is not liable for damages caused by ordinary use of the land by him. (*Durfee v. Garvey,* 78 Cal. 546, 21 Pac. 302.) The ditch owner cannot complain if the land owner's hogs wallow in his ditch. (*Joslin v. Sones,* 80 Iowa, 534, 45 N. W. 917.)

After stating the rule laid down in *City of Bellevue v. Daly, supra,* and other cases cited, the supreme court of Wyoming holds that the land owner must exercise his right to graze or otherwise use the lands covered by the easement in a reasonable manner. (*Harmony Ditch Co. v. Sweeney,* 31 Wyo. 1, 222 Pac. 577.)

There are no allegations indicating that defendant's hogs were concentrated in one place, or closely confined in pens across said ditch, or that defendant was using his land in any way other than in the ordinary and usual course of husbandry. Raising hogs is a usual and ordinary use of farming in this state, particularly in the irrigated sections thereof. Nor does it appear that plaintiff's ditch could not be constructed of such material that hogs or other livestock could not injure it. (*Keller v. Fink, supra.*)

Plaintiff contends that the provisions of C. S., sec. 1970, apply to the situation here. Said section reads: ''The owner or occupant of premises is not required to fence against hogs.'' It is argued that plaintiff is not required to fence its right of way against hogs under this statute, and that a duty is thereby imposed upon defendant to keep his hogs off plaintiff's ditch and right of way. The language used by Chief Justice Ailshie, in *City of Bellevue v. Daly, supra,* to the effect that his reasoning, in sustaining the right of the owner of the servient estate to pasture his cattle on a ditch right of way, ''would not apply to such stock as are required to be kept within inclosures,—as, for example, hogs,'' was not a determination by this court that, by reason of said statute, the owner of the servient estate could not pasture his hogs on a ditch right of way lying wholly within said owner's inclosure. Trespass by hogs was not involved in the case referred to, and the statement quoted was used *arguendo* and is *dictum.* We are of the opinion that the provisions of C. S., sec. 1970, have no application to the situation disclosed by the facts pleaded in the instant case. It is thought that said section applies only to hogs running at large off the owner's premises.

Plaintiff is the owner of a mere easement or right of way, not of an estate in lands (*Sizer v. Quinlan,* 82 Wis. 390, 33 Am. St. 55, 52 N. W. 590, 16 L. R. A. 512), and is therefore not an ''owner'' of ''premises'' within the meaning of said C. S., sec. 1970. Nor is it an ''occupant'' of premises within the meaning of that section, for the word ''occupant'' often carries with it the idea of exclusiveness of enjoyment.

(*Chezum v. Campbell*, 42 Wash. 560, 7 Ann. Cas. 921, 85 Pac. 48.) Plaintiff's occupancy of the land embraced within its right of way was not exclusive, because, as owner of the fee, the defendant had dominion over it and physical possession and occupancy thereof, subject only to plaintiff's right of way.

Under all the facts disclosed by the complaint, we think defendant acted in a reasonable manner in permitting his hogs to run within his inclosure, and, as owner of the servient estate, was within his rights in not fencing them from going on to plaintiff's ditch right of way—such use being a reasonable, ordinary and usual exercise of his right to engage in farming, and not inconsistent with plaintiff's ownership of the ditch and right of way. Any casual damage resulting to the ditch from defendant's use of his right of pasturage, must necessarily be repaired by plaintiff.

Judgment affirmed. Costs to respondent.

Givens, C. J., Budge and Lee, JJ., and Koelsch, D. J., concur.