[No. 48. First Appellate District.—October 10, 1905.]

CHARLES GALLETLY, Respondent, v. GODFREY M. BOCKIUS, Appellant.

ACTION TO QUIET TITLE—EASEMENT—RIGHT OF WAY—FINDING AGAINST EVIDENCE.—In an action to quiet title, where the evidence shows that plaintiff has only an easement of a right of way over the premises described, and that defendant is entitled to an easement therein of the same character, subject to plaintiff's enjoyment thereof, a finding that plaintiff owns the land and that defendant has no interest therein is against the evidence.

ID.—WAY MADE APPURTENANT TO DIFFERENT LANDS.—Where defendant was the original owner of the land, subject to plaintiff's right of way, and also owned lands bounded by it, he had the right to pass over the way as owner of the fee, subject only to plaintiff's enjoyment thereof; and upon selling such land he had the right

to reserve the way as an appurtenance to his contiguous tract bounded thereon, subject only to non-interference with plaintiff's enjoyment of the way.

ID.—POWER OF OWNER TO CREATE EASEMENTS.—While the owner of the dominant tenement cannot increase the burden of the servient tenement against the will of the owner thereof, the owner of the latter is by virtue of his *jus disponendi* not limited in the number or character of the easements to which he may make his land subject. He may subject it to the easement of a right of way in favor of or as appurtenant to different tracts of land, whether owned by the same person or by different persons.

APPEAL from a judgment of the Superior Court of Santa Cruz County. Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

Joseph H. Skirm, for Appellant.

Carl E. Lindsay, for Respondent.

HARRISON, P. J.—Action to quiet title. Judgment was rendered in favor of the plaintiff, and the defendant has appealed.

The land described in the complaint is the southerly twenty feet of a tract of about forty acres bordering upon the county road from Watsonville to San Jose, and extending easterly therefrom about seventeen hundred feet, and which, for convenience of reference, is styled herein as tract "A." The plaintiff is the owner of a tract of land, herein called tract "B," contiguous thereto and lying easterly therefrom, and the defendant is the owner of a tract, called herein tract "C," lying southerly from the above tracts and contiguous to each of them. All of the land was at one time owned by John S. Barrett, who, in September, 1884, conveyed to Ascencio Mendia tracts "A" and "B," and in August, 1887, conveyed tract "C" to the defendant. September 30, 1886, Mendia conveyed tract "A" to Francisco Mora with the following reservation in the deed of conveyance: "The party of the first part reserves the right of way 20 feet wide along the boundary-line of the within mentioned tract and lands of J. S. Barrett; said right of way is to commence at the county road and along the line of lands of Barrett until it

reaches the lands of A. Mendia." December 1, 1891, Mendia executed to Mora another conveyance of tract "A," "to perfect and correct the description" in his former deed, and inserted therein the following: "Said Ascencio Mendia reserves the right of way 20 feet wide along the easterly boundary of the above-described tract and lands of G. M. Bockius; said right of way is to commence at the county road and continue along the line of lands of said Bockius until it reaches the land of A. Mendia." December 9, 1891, Mora executed to the defendant a conveyance of tract "A," "save and except from the above-described tract a right of way 20 feet wide along the eastern boundary thereof reserved by A. Mendia." August 29, 1892, Mendia executed to the plaintiff a conveyance of a tract of land whose description included tracts "A" and "B," excepting therefrom, however, the premises conveyed to Mora by his deed of December 1, 1891. With the title to the land in this condition the defendant herein, in June, 1893, commenced an action in the superior court for Santa Cruz County against the plaintiff herein to quiet his title to tract "A," in which judgment was entered March 28, 1895, declaring him to be the owner in fee simple of said tract "A," and that the plaintiff herein is the owner of a right of way in the southerly twenty feet of said tract as appurtenant to tract "B," and that he has no other right or interest in tract "A" than said right of way. Subsequent to the entry of this judgment,—viz., April 11, 1895,—the defendant herein conveyed to one Martinelli tract "A," describing the same as the same land conveyed to him by Mora by the aforesaid deed of December 9, 1891, and containing the following reservation: "The said Godfrey M. Bockius hereby reserves for himself, his heirs and assigns, the use of the right of way mentioned in aforesaid deed as an appurtenance to his adjoining premises." The present action was commenced April 11, 1900. At the trial thereof the court found that at the commencement of the action the plaintiff was the owner of and entitled to the possession of the land described in his complaint, and that the defendant had no estate, title, or interest therein, or in any easement or right of way in or over same, and rendered judgment accordingly.

Upon the aforesaid evidence it clearly appeared that at the commencement of the action Martinelli was the owner in fee

of the land described in the complaint, and that the present plaintiff had only an easement therein of a right of way. The finding therefore that he was the owner, and entitled to the possession of the land described in his complaint is not sustained by the evidence. This is not seriously controverted by the counsel for the respondent, but he contends that the reservation by the defendant in his conveyance to Martinelli of an easement of a right of way as appurtenant to his adjoining land in land which was already subject to a similar easement held by the plaintiff for another tract of land was unauthorized in law, and therefore void, and that for this reason the error was harmless. No authority has been cited in support of this proposition, and at the argument herein counsel for respondent admitted that he had not been able to find any such authority.

It must be borne in mind that by the reservation in his conveyance to Martinelli the defendant was not in the position of the holder of a dominant tenement seeking to extend the burden of an easement created for certain lands to other lands for which it had not been created, but was rather in the position of the owner of land already subject to a servitude, and providing for placing an additional servitude thereon. At the time of his conveyance to Martinelli he was the owner in fee of the lands so conveyed, subject to the easement in the southerly twenty feet thereof held by the plaintiff, and as such owner he had the unquestioned right to make such use and disposition of the entire tract as he might choose, provided such use was not inconsistent with the use of the same by the plaintiff for his right of way. (*Atkins* v. *Bordman*, 2 Met. 457, [37 Am. Dec. 100]; Washburn on Easements, *195.) He had the right to use this strip for all purposes of travel and at all times, so long as he did not by such use interfere with or impair the plaintiff's enjoyment of his easement. (*Wells* v. *Tollman*, 156 N. Y. 636, [51 N. E. 271].) If he had conveyed to Martinelli all of tract "A" lying to the north of the twenty-foot strip,—retaining for himself the ownership of the remainder,—his right, as aforesaid, to use the strip as a passageway to the county road could not be questioned. As owner of the tract he had the right to dispose of it as a whole or in subdivisions, and could make such disposition absolute or qualified or limited, or with such

reservation or exception as might be agreed upon between him and his vendee. We are not aware of any principle of law which precludes the owner of a tract of land from subjecting it, or suffering it to be subjected, to the easement of a right of way in favor of, or as appurtenant to, different tracts of land, whether the same be owned by the same person, or by different persons. While the owner of the dominant tenement cannot increase the burden of the servient tenement against the will of the owner of the latter, yet the owner of the servient tenement, by virtue of his *jus disponendi,* is not limited in the number or character of the easements to which he may make his land subject.

The reservation by the defendant in his conveyance to Martinelli was therefore within his right, and Martinelli, by accepting the deed containing such reservation assented to the servitude thereby imposed upon the land conveyed to him. The plaintiff did not acquire any additional interest in the land, or any further right to its use, by reason of this transaction between the defendant and Martinelli, but the use and enjoyment of the easement by the defendant must be such as will not interfere with the enjoyment by the plaintiff of the easement appurtenant to his land. (*Herman* v. *Roberts,* 119 N. Y. 37, [16 Am. St. Rep. 800, 23 N. E. 442].) The rights of the plaintiff under that easement, as between him and the defendant, are defined in the aforesaid judgment between them, and were not varied by the transaction between the defendant and Martinelli. The superior court therefore erred in holding that the defendant has no right or interest in the lands described in the complaint.

The judgment and order denying a new trial are reversed.

Cooper, J., and Hall, J., concurred.