[No. 7978. Department Two. September 25, 1909.]

WALTER C. HAYWARD, *Respondent*, v. RUTH MASON, *Appellant*.[1]

WATERS AND WATER COURSES—IRRIGATION—GRANTS—CONSTRUCTION —EASEMENTS. A deed granting "the right of way for a water ditch" across certain lands "to carry water for irrigating purposes," with the right of ingress and egress to keep the ditch in repair, creates an easement only.

SAME—RIGHTS CONVEYED. The grant of a right of way for a ditch to carry water for irrigation does not prevent the grantor from using the same ditch without interfering with the grantee's use, where the grant does not appear to be exclusive, and the ditch had theretofore been used in common.

SAME—IRRIGATING DITCH—OBSTRUCTIONS—DAMAGES. The grantee of an easement for an irrigating ditch cannot recover for loss of crops by reason of obstructions placed in the ditch by the grantor, where all the water the grantee was entitled to was allowed to flow past the obstructions.

Appeal from a judgment of the superior court for Kittitas county, Preble, J., entered November 25, 1908, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action for an injunction. Affirmed.

[1]Reported in 104 Pac. 139.

*Fred Parker* and *O. O. Felkner*, for appellant.

*Hovey & Hale*, for respondent.

MOUNT, J.—The respondent brought this action to restrain the appellant from destroying dams in an irrigation ditch. The appellant claimed the exclusive right to. the use of the ditch for irrigating purposes. The case was tried to the court without a jury, and findings were made to the effect that each had a right to use the ditch for a certain amount of water for irrigating purposes, and thereupon the court entered a decree restraining each of the parties from interfering with the other. The defendant has appealed.

It appears that the respondent is the owner of the south half of the southeast one quarter of section 11, township 18, N., R. 17, E. W. M., being 80 acres of land in Kittitas county; that the appellant is the owner of a tract of land lying to the east of respondent's land; that a large irrigation canal runs across the southwest corner of respondent's land. This canal is known as the West Side Irrigating Company's canal. It is owned by a stock company. Each stockholder is entitled to a certain amount of water. Both respondent and appellant own stock in the company, and are entitled to water on account thereof. A ditch has been dug along the south line of respondent's land, which ditch extends from the southeast corner to a point near the middle of the tract of land where the ditch connects with an old natural water channel. This natural channel extends some distance within respondent's land, and continues by a circuitous route around a hill to a point near the West Side Irrigating Company's canal where another ditch connects this natural water channel with said canal. This natural canal and the ditches connected with it have been used for many years for irrigating and draining the respondent's land, and also for irrigating appellant's land. In June, 1900, the respondent by written instrument conveyed to the appellant a right of way

for water from the West Side Irrigating Company's canal, as follows:

"That said party of the first part for and in consideration of the sum of $1 to him in hand paid by the party of the second part, the receipt of which is hereby acknowledged, has granted, bargained and sold, and by these presents does grant, bargain and sell and convey unto said party of the second part and their successors in interest in (certain described lands) the right of way for a water ditch across the south half of the southeast one quarter of section 11, in said township and range, to carry water for irrigation purposes from the canal of the West Side Irrigating Company up the side now occupied by said water ditch through the tract aforesaid, together with the right of ingress to and egress from the last described tract, in order to maintain and keep the said ditch in repair."

It is contended by the appellant that this is a grant of the fee, and that the respondent thereby conveyed the exclusive right of the ditch to the appellant. It seems clear that the grant was simply an easement and nothing more. It does not purport upon its face to convey the land upon which the ditch is located, or convey the ditch itself. It conveys, "*The right of way*" for a definite and limited purpose.

"In the case of an express grant the fact of the creation of the easement, as well as its nature and extent, is determined by the language of the deed, taken in connection with circumstances existing at the time of making it." 10 Am. & Eng. Ency. Law (2d ed.), p. 411.

The evidence in this case shows that, at the time the grant was made, the part of the ditch known as the natural water course had been used for irrigating the respondent's land for years, and was necessary therefor, and that for some six years subsequently the appellant and respondent used the whole water course and ditch in common; that each was entitled to a certain amount of water from the West Side Irrigating Company, and that this ditch was large enough to carry all of the water available for the use of both appellant and respondent. There is nothing in the deed, or in the cir-

cumstances existing at the time it was made, to indicate that the right of way granted was an exclusive one. On the other hand, the circumstances indicate the grant was not exclusive. In such cases the rule is that,

"The owner of the servient estate may use his property in any manner and for any purpose consistent with the enjoyment of the easement. Thus in the case of a way the owner of the servient estate may use the land over which it passes in any manner which does not materially impair or unreasonably interfere with its use as a way. He may use it as a way or permit others to do so unless the ownership of the easement is exclusive." 14 Cyc. p. 1208.

The lower court therefore did not err in holding that the respondent might use the ditch and natural waterway for irrigation so long as he does not interfere with the easement granted. It is claimed that the court erred in not assessing damages in favor of the appellant on account of crops lost by reason of obstructions which respondent placed in the ditch. There is evidence in the record which shows that all the water to which appellant was entitled was permitted to flow past these obstructions, no loss therefore could occur on that account. We think the trial court was justified in refusing to assess damages.

There is no error in the record and the judgment must therefore be affirmed, and it is so ordered.

RUDKIN, C. J., PARKER, CROW, and DUNBAR, JJ., concur.