(No. 6099.   May 18, 1934.)

A. F. TOMCHAK and MRS. A. F. TOMCHAK, His Wife, Appellants, v. ALBERT I. HARRIS, C. B. ROSCOE, JOHN P. WOODRUFF, FRED VYSTERCIL, DON UNDERWOOD, GEORGE HART, WILLIAM HARRIS, GEORGE BELNAP, and D. E. JONES, Respondents, and H. A. CASTLE, INVESTORS' FINANCE COMPANY, a Corporation, MRS. A. G. GUERNSEY, UNION CENTRAL LIFE INSURANCE COMPANY, R. E. SULLIVAN, CITIZENS' BANK, a Corporation, and PACIFIC COAST JOINT STOCK LAND BANK, a Corporation, Intervenors.

[32 Pac. (2d) 1025.]

J. H. Andersen and O. A. Johanneson, for Appellants.

A. A. Merrill and Bash L. Bennett, for Respondents.

GIVENS, J.—Appellants are the owners of certain real property through which extends what is designated as the Pyke & Roscoe irrigation ditch or canal.

This action was instituted in 1932 by appellants to quiet title to a claimed prescriptive use in said ditch for carrying 160 inches of water, alleging that respondents had no right, title or interest in or to the ditch.

Respondents by answer and cross-complaint denied appellants' rights and claimed an adverse prescriptive easement over appellants' lands and exclusive ownership in the ditch in question alleging certain acts of interference by appellants in their use of the ditch and asking claimed resultant damages.

There is a sharp conflict in the evidence as to whether prior to 1929 appellants had carried their water or any part thereof through the ditch in question. There is no dispute however that in 1929 appellants sought to use water directly from the ditch in question, placing therein a check

or checks so the water would flow out of the cuts made in the bank.

Respondents resisted such use and the present action ensued. The court awarded no damages, and found, correctly, that respondents had a prescriptive easement over appellants' lands; and resolved the conflicting evidence as to appellants' claimed prescriptive use of the ditch in question against appellants, entering its decree relative thereto as follows:

"That the plaintiffs, A. F. Tomchak and Mrs. A. F. Tomchak, his wife, nor either of them, have any valid right to use, and are hereby denied the right to use, said Pyke & Roscoe Ditch, or any part or portion thereof for carrying water for irrigation purposes.

That the plaintiffs, and each and all of them, and all persons claiming by, through or under them, or any or either of them, and they and each and all of them, are hereby forever enjoined and debarred from asserting or claiming any right to said Pyke & Roscoe Ditch, for transporting water for irrigation purposes, adverse to the defendants, and intervenors herein, and others not a party to this action."

The determination that appellants had no prescriptive right as such to use the ditch did not however dispose of all their rights to the use of the ditch since they owned the servient tenement, *West Coast Power Co. v. Buttram, ante,* p. 318, 31 Pac. (2d) 687, and while thereby they had no right to make use of the easement in the way they did or in any manner that would interfere with the dominant estate (*Hays v. De Atley,* 65 Mont. 558, 212 Pac. 296; 19 C. J. 978; 9 R. C. L. 798; 9 Cal. Jur. 953), if the Pyke & Roscoe Ditch as now constructed is capable of being used by appellants without injury to or interference with respondents' use of the ditch, or appellants may, without interference with or injury to respondents' use of the easement, enlarge or change the same but without increasing the burden of maintenance or changing respondents' method of use (*Colegrove Water Co. v. City of Hollywood,*

151 Cal. 425, 90 Pac. 1053, 13 L. R. A., N. S., 904), at appellants' own expense, so that appellants may with proper measuring devices carry their water therein, they have the right so to do. (*Hoyt v. Hart*, 149 Cal. 722, 87 Pac. 569; *Colegrove Water Co. v. City of Hollywood, supra; Galletly v. Bockius*, 1 Cal. App. 724, 82 Pac. 1109; *Hayward v. Mason*, 54 Wash. 649, 104 Pac. 139; 19 C. J. 979; 9 R. C. L. 797; 1 Cal. Jur. 607, sec. 80; *Coulson v. Aberdeen-Springfield C. Co.*, 47 Ida. 619, 277 Pac. 542; *Pioneer Irr. Dist. v. Smith*, 48 Ida. 734, 285 Pac. 474.)

No findings were made as to whether the ditch as now constructed was capable of conveying the 1600 inches of water belonging to respondents and their co-owners or associates, and the 160 inches belonging to appellants or any part thereof, but, because the portion of the judgment quoted would, without appropriate findings and conclusions preclude appellants' rights as owners of the servient tenement, it unduly restricts their rights.

The judgment is therefore modified and the cause remanded for the purpose of having the court determine whether the ditch as now constructed is capable of carrying and delivering appellants' water without interference with respondents' rights and if not whether the ditch can be enlarged or changed and proper measuring devices installed at appellants' sole expense, without changing respondents' method of using the easement (*Colegrove Water Co. v. City of Hollywood, supra*), so that appellants may carry their water therein without interference with or injury to or placing any additional burden on the respondents, and conclude in harmony with the principles herein announced, bearing in mind that the burden of proof in connection with the above matter is upon the appellants.

Costs awarded to appellants.

Budge, C. J., Morgan and Wernette, JJ., and Terrell, D. J., concur.