**OVERBEY v. MARNEY.**

No. 14351.

Court of Civil Appeals of Texas. Fort Worth.

March 27, 1942.

W. E. Fitzgerald, of Wichita Falls, for appellant.

L. V. Abernathy, of Wichita Falls, for appellee.

BROWN, Justice.

Appellee, Marney, brought suit against appellant, Overbey, alleging that he is the owner and in possession of the premises known as the North 74 feet of Lots Nos. 4 and 5, in Block A, J. A. Kemp's Addition to the City of Wichita Falls, in Wichita County, Texas, on which he lives and operates a filling station and grocery store, "that at the time he bought said property he bought the same with reference to the right granted in that certain warranty deed dated May 19, 1924, from Thomas J. Ferlman, Lillie Price and B. E. Price to W. H. Ferlman, conveying said property to said grantee with the right to construct a sewer from E. 17th Street across said Lot 4 so as to connect with said property. That said grantors at the time said deed and covenant was executed and delivered were the owners and holders of all of said lots No. 4 and 5. That in pursuance to said covenant and agreement mentioned in said above described deed said W. H. Ferlman constructed a 4" sewer line across said Lot 4 so as to connect with said property. That the same since said time has been continually used by plaintiff and his grantor as a sewage disposal line."

The petition further alleges: "that the defendant is the present owner of the balance of said lots 4 and 5, having acquired same by mesne conveyance from the common grantor of plaintiff"; and that the defendant has constructed on his own property a drug store, whiskey store and filling station and over the oral and written protest of the plaintiff has tied into the said sewer belonging to plaintiff and connected one toilet and two waste drains to such sewer. That the sewer line being only a 4" (meaning four inch) line will be unable to carry the waste and sewage from the plaintiff's property and the sewage from the connection made by the defendant. That because of the terrain and the locality of the sewer lines maintained by the City of Wichita Falls said line is the only mode of sewage disposal from plaintiff's property and if the defendant is permitted to maintain his connections plaintiff's right of the disposal of sewage from his said property through his own sewer line will be cut off "and he will suffer great and irreparable injury by reason of defendant's actions and conduct in connecting the toilet and waste drains to plaintiff's sewer line." He next alleges that he gave the defendant oral and written notices not to connect with the sewer line.

The petition concludes: "The defendant is a non-resident of the State of Texas and the plaintiff has no plain adequate remedy at law to prevent said irreparable injury to his property and defendant should be required to disconnect from said sewer and be restrained from using same." He prays for a writ of injunction restraining the defendant or his agents and tenants from using said sewer line and that a mandatory injunction issue requiring the defendant to disconnect the tie-ins he has made to the sewer, and he prays for "judgment for his damages aforesaid" (although no damages in dollars and cents are alleged to have accrued or will necessarily accrue), and that the injunction be made perpetual.

The defendant answered by general demurrer; a special exception to the effect that the stipulation in the deed to W. H. Ferlman that he might construct a sewer

line across the property owned by defendant, is one personal to Ferlman and is not a covenant running with the land and same conferred no right upon the plaintiff who subsequently bought from said Ferlman; a special exception to the effect that the petition does not allege that plaintiff's use of the sewer line across defendant's property has been exclusive or that it was ever intended to be exclusive of defendant's rights or that of his vendor; a special exception to the effect that the averments are wholly insufficient to show a want of legal remedy or right for equitable relief and restraining orders, in that although it is alleged that the defendant is a non-resident but not that the defendant has no property rights in Texas, nor that a judgment against defendant could not be collected and that any legal remedy plaintiff may have had was inadequate and could not be enforced. There are other special exceptions but we will not notice them because of our conclusions.

The defendant made appropriate answer denying the allegations of the petition.

The cause was submitted to the court and the general demurrer and all special exceptions were overruled and judgment was rendered for the plaintiff awarding him a mandatory injunction compelling the defendant to disconnect the tie-ins made by him to the sewer line which runs through defendant's premises and restraining and enjoining defendant from using the sewer line. Defendant having appealed presents eight points but we take such view of the matters involved that we deem it unnecessary to discuss all points.

■ Measured by the customary yardstick, we do not believe the petition states a cause of action, but if a liberal construction of the pleading should demand that we hold it sufficient as against a general demurrer, we are of opinion that the judgment cannot stand.

We see no distinction, in the facts before us and the principle involved, between the case at bar and those in the case of Lakewood Heights Co. v. McCuistion et al., Tex.Civ.App., 226 S.W. 1109, writ refused.

■ It is true that the deed from Mrs. Lillie Price and husband, B. E. Price, and Thomas J. Ferlman to W. H. Ferlman contains the following stipulation: "The grantee herein is granted the right to construct a sewer from East 17th Street across said lot 4 so as to connect with the property hereby conveyed", but the deed from W. H. Ferlman to appellee Marney contains no such stipulation.

Marney was not a party to the contract made between the Prices, Thomas J. Ferlman and W. H. Ferlman.

When W. H. Ferlman sold to Marney, he did not sell, nor did he attempt to sell, that portion of the sewer line that was laid by W. H. Ferlman on and over the grantors' lot (which is now owned by appellant).

The most that can be said, as we view it, is that Marney has the right to use the sewer line but that his right of use is not exclusive.

The Lakewood Heights case was bottomed on the opinion of our Supreme Court in Gulf, C. & S. F. Railway Co. v. Smith, 72 Tex. 122, 9 S.W. 865, 2 L.R.A. 281, and we follow such holding.

It is our opinion that the provision in the deed relied upon by Marney is not a covenant running with the land.

■ The testimony of Marney only goes far enough to show that he is afraid that, if he makes any other connections with the sewer line, on his premises, the sewer will not carry the sewage.

The undisputed testimony of the City Engineer and the Plumbing Inspector, of the City of Wichita Falls, is that the sewer line is adequate to carry the connections that Marney may make and to which he had testified and the connections that have been made by appellant Overbey.

Where a conveyance of a right of way for an irrigation ditch was not an exclusive grant, it was held that the grantor, or owner of the servient estate, was entitled to make any proper use of the ditch which would not materially impair or unreasonably interfere with its use by the grantee for the purposes designed. Hayward v. Mason, 54 Wash. 649, 104 P. 139; 28 Corpus Juris Secundum, Easements, § 91, pages 770-772.

The cited text covers likewise the owner of land over which a right of way has been granted, and states the rule to be that he may use the way, unless the rights of the owner of the easement are exclusive; and the owner of the way may restrict the owner of the servient tenement only to such use as is not inconsistent with the enjoyment of the easement.

The evidence in the case before us discloses that the use to which appellant Overbey is putting the sewer line as it traverses his premises does not interfere with the use made thereof and contemplated to be made by Marney.

We see no distinction between the controlling facts and the principle involved in the authorities last cited and those found in the case before us.

A case, almost identical as to facts, and one that discusses the rights involved in the case before us, is one from the Court of Chancery of New Jersey—Hess v. Kenney et al., 69 N.J.Eq. 138, 61 A. 464.

This is the only case, involving the use of a sewer line, that we have been able to find, in support of our conclusions and we have found none holding to the contrary.

For the reasons stated, the judgment of the trial court enjoining and restraining appellant from using the sewer line, and compelling him to disconnect the "tie-ins" he has made to the line on his premises, is reversed, and judgment is here rendered for appellant.

McDONALD, Chief Justice (dissenting).

I find myself unable to concur in the opinion of the majority of the court.

To me it appears that the easement is one appurtenant to the premises conveyed, and not one in gross. The distinction between the two kinds of easements is thus stated in 15 Tex.Jur. 773: "An easement in gross is one which is attached to and vests in the person to whom it is granted, there being no dominant tenement. An appurtenant easement is one in which the right is attached to the estate itself and not to the person of the owner of the dominant tenement; it is an incident to an estate which inheres in the land, concerns the premises, and pertains to its enjoyment and passes with it."

The difference in the two is also discussed in 28 C.J.S., Easements, § 4, pp. 634-636. At page 636 it is said: "Whether an easement is appurtenant or in gross must be determined by a fair interpretation of the grant or reservation creating the easement, aided if necessary by the situation of the property and the surrounding circumstances."

The use of the word "heirs" in the grant is not essential for the purpose of creating an appurtenant easement. 28 C.J.S., Easements, § 4, p. 637.

"Easements in gross are not favored, and will never be presumed when the court may fairly construe an easement appurtenant." 15 Tex.Jur. 774. The same rule is announced in 28 C.J.S., Easements, § 4, p. 638.

The very nature of the easement here granted, it seems to me, does not admit of the thought that it was intended to be merely an easement in gross. A sewer line is in the usual case laid for the benefit of the property which it serves. It would be of no use to one no longer owning or using the property. Ordinarily it would not be taken up after the original owner moved away. He probably could not sell or dispose of his property with the sewer disconnected. It becomes a part of the permanent establishment.

To my mind, defendant's case is not aided by the fact that the sewer line was not yet in being when the easement was granted. "An easement may be granted to take effect or be enjoyed in the future." 28 C.J.S., Easements, § 51, p. 715. A cautious person would usually obtain his right to the easement before building a structure upon the land of another.

According to the authorities cited in both of the above texts, including Texas cases, an easement appurtenant passes with a transfer of the land, even though not specifically mentioned in the instrument of transfer. 28 C.J.S., Easements, § 46, p. 709; 15 Tex.Jur. 772. It is my view, therefore, that plaintiff became the owner of the easement despite the fact that it was not expressly mentioned in the deed to him. His deed contains the usual phrase, "together with all and singular the rights and appurtenances thereto in anywise belonging."

The easement granted was not to use a sewer line already built, but to construct a sewer across Lot 4, the servient estate. Had the grantee been giving merely the right to use a sewer belonging to the grantors, then there might be a case where the grantors would also have a right to use the sewer. But the grantee here was given the right to construct his own sewer line across the land of the grantors. It seems to me that the case is not different, in this respect, from one where a landowner grants an easement to a pipe line company, or a telephone or electric light company. In such instances the land owner would have no right to use the lines constructed across his lands merely upon the theory that his use

would not seriously interfere with that of the owners of the lines.

To me it appears that the sewer line is a structure which belongs to the plaintiff, and which is upon the land of the defendant by right of the easement. In the absence of some agreement therefor, express or implied, the defendant has no more right to the use of the sewer line than he would have to the use of a building or any other kind of structure belonging to another, but placed upon his land by some right theretofore lawfully granted.

As I understand the rules, injunctions will lie to protect the right of possession of property, and will lie to protect private easements. 24 Tex.Jur. 48; 15 Tex.Jur. 808; 28 C.J.S., Easements, § 107, p. 789; Gillett v. Van Horne, Tex.Civ.App., 36 S. W.2d 305, writ dismissed. One who is entitled to the exclusive use and possession of property is not bound to suffer his possession to be disturbed and then be relegated to only a suit for damages.

The deed creating the easement being recorded at the time defendant acquired the servient estate, he took title thereto subject to the easement rights appurtenant to the dominant estate. 28 C.J.S., Easements, § 48, p. 711.

Especially in view of the presumptions that must be indulged upon appeal in favor of the judgment rendered below, I believe that the judgment of the trial court should be affirmed.