459 P.2d 429

**H. Delmar WHITE and Norma L. White, his wife, Plaintiffs and Appellants,**

**v.**

**WEBER BASIN WATER CONSERVANCY DISTRICT, Defendant and Respondent.**

**No. 11474.**

Supreme Court of Utah.

Sept. 30, 1969.

**134**

Glen E. Fuller, Orval C. Harrison, Salt Lake City, for plaintiffs and appellants.

E. J. Skeen, Reid W. Nielson, Salt Lake City, Neil R. Olmstead, Ogden, for defendant and respondent.

CROCKETT, Chief Justice:

Plaintiffs brought this action against the Weber Basin Water Conservancy District claiming damages to their farm land, located at Farr West in Weber County, caused by the construction and operation of the Water District's "Willard Gravity Canal" adjacent to their property.

The Whites bought their land from one Riley Taylor who had sold a portion of his land to the United States for the construction of the canal. Their theory for recovery is that this canal has a somewhat unu-

sual effect: It acts as a drain of the area when the canal is empty. But when it is filled and transporting irrigation water it interferes with the natural drainage of the adjacent ground; and that its distortion in the flow and control of the waters creates surface pools and accumulations of alkali in the plaintiff's land, thus substantially reducing its utility for agricultural purposes. By way of defense Weber Basin makes these contentions: (1) that the project has not caused any actionable damage to the plaintiffs' land; (2) that in any event, it is not the party responsible because the project was created, constructed and operated by the United States Government through its Bureau of Reclamation; and (3) that if there has been any such damage it was either (a) compensated for by the price paid for the purchase of the land from plaintiff's predecessor, Riley Taylor; and/or (b) that any cause of action would belong to Taylor and not to plaintiffs since it does not follow the land.

Upon a trial to a jury, the court reserved ruling on defendant's motion for directed verdict and submitted three interrogatories to the jury, all of which were answered favorably to the plaintiffs: (1) that the construction and operation of the canal caused damage to the plaintiffs' land; (2) that the Weber Basin District was the proper party defendant, and (3) that the price paid to Taylor did not include damage to adjacent land caused by the construction and operation of the canal. The question of the amount of damage was not determined because after the jury had made its determination of the issues just stated, the trial court decided issues (1) and (2) to the contrary, ruling as a matter of law that the plaintiffs did not establish a cause of action for damages to their land against defendant Weber Basin, and that it was not the party responsible for any damage that may have occurred.

█ We are not in disagreement with the idea advocated by the plaintiffs that under appropriate circumstances a cause of action may arise for damages to adjacent land caused by an irrigation project.[1] This of course is predicated upon proof of some wrongful or negligent conduct which it was reasonably foreseeable would expose the interests of the plaintiffs to an unreasonable risk of harm.[2] Moreover, it is predicated upon a further proposition, which we have found to be controlling in this case: the necessity of showing that such conduct is

1. Tacea Tsouras v. Brighton & Northpoint Irrig. Co., 119 Utah 354, 227 P. 2d 329; see also Garden City Co. v. Bentrup, 228 F.2d 334 (10th Cir.), Hume v. Fresno Irrig. Dist., 21 Cal.App.2d 348, 69 P.2d 483; Albrethson v. Carey Valley Reservoir Co., 67 Idaho 529, 186 P.

2d 853; Robillard v. Selah-Moxee Irrig. Dist., 54 Wash.2d 582, 343 P.2d 565.

2. N. M. Long & Co. v. Cannon-Papanikolas Const. Co., 9 Utah 2d 307, 343 P.2d 1100; see also Knight v. Utah Power & Light Co., 116 Utah 195, 209 P.2d 221.

imputable to the party sought to be charged. We have stated both propositions to indicate our awareness of the conflict, not only in the evidence as to damages caused, which was apparently resolved by the jury's answers,[3] but also as to whether the evidence would justify the conclusions drawn therefrom. However, we see no useful purpose to be served in troubling ourselves with the perplexities involved therein because the conclusions we have reached on the second issue: whether Weber Basin District is the responsible party defendant, is dispositive of the case.

The relationship between the Weber Basin District and the United States re the Weber Basin Project, of which the canal here in question is a part, is governed by a contract between them. It provides that the United States is to acquire all lands needed for the project (unless it requests the District to do so for it); and that the title is to be in the United States, which is to construct and operate the project. The District is to have the beneficial use of the project waters, for which it is to reimburse the United States for the costs of operation, and by payments over a period of 60 years, will repay most of the costs of construction, after which it is contemplated that by act of Congress the title will be passed to Weber Basin.

There is no dispute but that the contractual provisions pertinent to the issues here were carried out: that the canal in question was planned, located and designed by the United States; that the United States acquired the land necessary for the canal (with one exception not relevant here); that it caused the canal to be constructed through contracts let by it; and that it proceeded to operate the canal. In addition to the facts just recited, which affirmatively indicate that the responsibility for the project was that of the United States it is further to be observed that there is an absence of proof of facts which would be prerequisite to imposing liability on Weber Basin: that it had any actual control over, or that through its officers or agents it had knowledge, or reason to know, that harm might result to the plaintiffs from the construction or operation of the project.[4]

We have the helpful guidance of several cases decided on virtually identical contracts made pursuant to the Federal Reclamation Laws[5] and fact situations similar to those here. It is quite uniformly held that where, as here, the United States Government and not the District constructed and operated the facility, the function of the District was for practical purposes merely that of a collection agent, or fiscal agent, and because it had no control over

---

3. As to the trial court's prerogative to make findings re the jury's answers, see First Security Bank v. Lundahl, 22 Utah 2d 433, 454 P.2d 886, 889.

4. See Knight v. Utah Power & Light Co., footnote 2, supra.

5. 32 Stat. 388, 43 U.S.C. § 421 et seq.

construction or operation of the facility it could not be held responsible for injury or damage resulting from it.[6] The principles involved and the conclusion drawn therefrom are set forth in the case of Twin Falls Canal Co. v. American Falls Res. Dist. No. 2.

It is obvious from the findings of fact and the record that not only is title to the system in issue in the United States, but that it has exclusive control and entire supervision of construction and will have until the project is completed, and the management and operation will remain in it until otherwise provided by the Congress. * * *

Appellee [district] has had no power over, or voice, control, or power in the management, or operation of the works or project, and no conceivable theory is pointed out, nor is such known to the court, how trespass of the United States in such construction, maintenance, or operation can be charged against [the district].[7]

We have reached our conclusion notwithstanding the theory advanced by the plaintiffs that because Weber Basin has the use of the water, and that it will ultimately get title, it should be regarded as the beneficial owner of the project and held responsible for its construction and operation. The test of such legal responsibility depends upon who had control when the alleged wrongful acts were committed and not upon projections as to what the facts may be in the future.

Our agreement with the ruling of the trial court that the defendant Weber Basin is not a proper party to be held responsible renders it unnecessary to consider other issues raised on this appeal.

Affirmed. Costs to defendant Weber Basin (respondent).

CALLISTER, TUCKETT, HENRIOD and ELLETT, JJ., concur.

6. See e. g., Twin Falls Canal Co. v. American Falls Res. Dist. No. 2, 59 F.2d 19 (9th Cir.) ; Malone v. El Paso County Water Imp. Dist. No. 1, 20 S.W.2d 815 (Tex.Civ.App.) ; Livanis v. Northport Irr. Dist., 121 Neb. 777, 238 N.W. 757 ; Davis v. Lugert-Altus Irr. Dist., 375 P.2d 975 (Okl.).

7. Twin Falls Canal Co. v. American Falls Res. Dist. No. 2, supra, 59 F.2d at 22.