815 P.2d 448

**Kenneth SELLERS, Plaintiff–Appellant,**

v.

**Neal K. POWELL, Defendant–Respondent.**

No. 18630.

Supreme Court of Idaho,
Pocatello, May 1991 Term.

Aug. 9, 1991.

Blaser, Sorensen & Hansen, Blackfoot, for plaintiff-appellant. Scott H. Hansen argued.

Kerr Law Office, Blackfoot, for defendant-respondent. Robert M. Kerr, Jr. argued.

McDEVITT, Justice.

This case arises out of the maintenance and repair of an irrigation ditch. A lateral ditch crosses Neal Powell's property. Kenneth Sellers has an easement for the transportation of water through the ditch. Sellers expended sums of money in maintaining and repairing the ditch from 1985 through 1988.

On September 14, 1988, Sellers initiated a small claims action against Powell for costs incurred in maintaining and repairing the ditch. Sellers won $205.00 in small claims court and Powell appealed to a magistrate.

Sellers retained counsel and filed an Amended Complaint alleging that Powell should also be obligated to pay for costs incurred from 1985 through 1988. Powell brought a Rule 12(b)(6) Motion to Dismiss claiming that the Complaint failed to state a claim upon which relief could be granted. The magistrate entered a Memorandum Decision and Order granting Powell's Rule 12(b)(6) motion. The magistrate held that if the servient estate landowner's use increased the cost of repairs and maintenance he would be responsible for the additional costs, but if his use does not increase those costs, he would have no obligation to pay for any portion of those costs. The magistrate vacated and set aside the small claim judgment awarded in favor of Sellers.

This decision was appealed to the district court. The district judge issued a Memorandum Decision affirming the magistrate's decision. We affirm.

Sellers asserts that Powell, as a servient estate landowner, has an obligation to contribute to the cost of maintaining and repairing a ditch that flows across his property when he uses water from the ditch. Idaho case law is to the contrary.

In *City of Bellevue v. Daly,* 14 Idaho 545, 94 P. 1036 (1908), the City of Bellevue had an easement in a ditch running across the land of M.J. Daly to bring water to the inhabitants of the city. In 1908 the city brought an action against Daly to enjoin him from allowing his cattle to feed and graze near the ditch. This Court held that Daly could use his land to graze cattle, and

that the city, as owner of the easement, had the duty to fence or protect the ditch. The Court said:

> Ordinarily, it is the duty of an individual or the public owning an easement or right of way over lands of another to keep up, maintain and protect such easement or right of way, and that presumption would necessarily arise as a matter of law in the absence of allegations showing a contrary condition or obligation.

*City of Bellevue v. Daly,* 14 Idaho at 549, 94 P. at 1038.

A similar situation arose in *Pioneer Irr. Dist. v. Smith,* 48 Idaho 734, 285 P. 474 (1930), except that instead of cattle, the offending animals were hogs. This Court followed *City of Bellevue* and wrote:

> Plaintiff claims a right of way for a ditch used for the sole purpose of carrying irrigation water across defendant's land, which includes the right of entry on said land to make repairs and clean out and maintain said ditch. The owner of such an easement over lands of another is required to "keep up, maintain, and protect" his easement or right of way, and it is his duty to protect his ditch.

*Pioneer Irr. Dist. v. Smith,* 48 Idaho at 738, 285 P. at 475.

In the case at bar, besides maintenance and repair of the ditch, there is the additional factor of the servient landowner's usage of water from the ditch. This Court has considered that question also.

In the case of *Tomchak v. Harris,* 54 Idaho 448, 32 P.2d 1025 (1934), the appellants owned land across which the Pyke & Roscoe Ditch flowed. The appellants wished to use water from the ditch. The Court held:

> [I]f the Pyke & Roscoe Ditch as now constructed is capable of being used by appellants without injury to or interference with respondents' use of the ditch, or appellants may, without interference with or injury to respondents' use of the easement, enlarge or change the same but without increasing the burden of maintenance or changing respondents' method of use, (*Colegrove Water Co. v.*

*City of Hollywood,* 151 Cal. 425, 90 Pac. 1053, 13 L.R.A., N.S., 904 [1907]) at appellants' own expense, so that appellants may with proper measuring devices carry their water therein, they have the right so to do. (*Hoyt v. Hart,* 149 Cal. 722, 87 Pac. 569 [1906]; *Colegrove Water Co. v. City of Hollywood, supra; Galletly v. Bockius,* 1 Cal.App. 724, 82 Pac. 1109 [1905]; *Hayward v. Mason,* 54 Wash. 649, 104 Pac. 139, 19 C.J. 979, 9 R.C.L. 797, 1 Cal.Jur. 607, sec. 80 [1909]; *Coulsen v. Aberdeen–Springfield C. Co.,* 47 Ida. 619, 277 Pac. 542 [1929]; *Pioneer Irr. Dist. v. Smith,* 48 Ida. 734, 285 Pac. 474 [1930].)

*Tomchak v. Harris,* 54 Idaho at 450–51, 32 P.2d at 1026.

Thus, Idaho case law supports the lower courts' finding that it is the duty of the owner of the easement to maintain and repair the easement, even when the servient landowner uses it.

Sellers asserts that there are statutory provisions that support his contention that the servient landowner must contribute to the costs of maintaining and repairing the ditch when he uses water from the ditch. In particular, Sellers cites I.C. §§ 42–907 and 42–1202. We do not find these sections to be applicable.

Idaho Code § 42–907 provides for the appointment of a manager for a lateral ditch, and applies "[w]here two (2) or more parties take water from said ditch, canal or reservoir at the same point, *to be conveyed to their respective premises* for any distance ..." (emphasis added). This statute contemplates the situation where the two parties are transporting water over a third person's property. Here, the water has reached Powell's property and the lateral across his property is for transporting Sellers's water.

Appellant further argues that I.C. § 42–907 "requires parties entitled to water from a ditch to maintain and keep the ditches in good condition." This theory is based on the third sentence of the paragraph, which states, "[t]he parties entitled to said water shall keep their ditches and laterals in good condition for the carrying and dis-

tributing the same." Appellant would have this sentence stand alone and apart from the rest of the statute and would impose a separate and distinguishable duty on the landowners. We find this argument to be unpersuasive, and hold that § 42–907 must be read in its entirety, and within the context of the complete statute, which results in the interpretation set forth here.

Idaho Code § 42–1202 addresses maintenance of a ditch and provides that "[t]he owners or persons in control of any ditch ... shall maintain the same in good order and repair...." Idaho case law quoted previously, and I.C. § 42–1102, set forth in its entirety below, grants Sellers the right to enter upon Powell's property for the purpose of maintaining and repairing the ditch. *Pioneer Irr. Dist. v. Smith*, 48 Idaho 734, 285 P. 474 (1930); *City of Bellevue v. Daly*, 14 Idaho 545, 94 P. 1036 (1908). Therefore, Sellers is the person in control of the ditch, and it is incumbent upon him to keep the ditch "in good order and repair" even though Powell may use water from the ditch. *Tomchak v. Harris*, 54 Idaho 448, 32 P.2d 1025 (1934).

As to the section of the ditch that crosses Powell's land, the relationship of the two parties to the land and the easement are vastly different. Powell owns the land across which the ditch runs. Sellers has an easement to carry water through the ditch to his land. Powell is not benefiting from the easement that crosses his land. With this in mind, we find the applicable section of the Idaho Code to be one which neither party mentioned.

Idaho Code § 42–1102 states in its entirety:

**Owners of land—Right to right of way.**—When any such owners or claimants to land have not sufficient length of frontage on a stream to afford the requisite fall for a ditch, canal or other conduit on their own premises for the proper irrigation thereof, or where the land proposed to be irrigated is back from the banks of such stream, and convenient facilities otherwise for the watering of said lands cannot be had, such owners or claimants are entitled to a right of way through the lands of others, for the pur-

poses of irrigation: provided, that in the making, constructing, keeping up and maintenance of such ditch, canal, or conduit, through the lands of others, the person, company or corporation, proceeding under this section, and those succeeding to the interests of such person, company or corporation, must keep such ditch, canal or other conduit in good repair, and are liable to the owners or claimants of the lands crossed by such work or aqueduct for all damages occasioned by the overflow thereof, or resulting from any neglect or accident (unless the same be unavoidable) to such ditch or aqueduct.

This statute is consistent with Idaho's case law in putting the burden of repair and maintenance of the ditch on the person who uses it to transport water to his property.

We affirm the decision of the magistrate finding that Powell is not legally obligated to contribute to the costs of maintaining and repairing the ditch that crosses his property from the point at which it enters Powell's property and continuing downstream.

Costs to respondent.

BAKES, C.J., and BISTLINE, JOHNSON and BOYLE, JJ., concur.